## HOLDEN v. STRANAHAN.

1. **Execution: EXEMPTION.** The building in which a photographer carries on his business, even though it be personal property, is not exempt from execution under section 3172 of the Code.

*Appeal from Keokuk Circuit Court.*

WEDNESDAY, APRIL 3.

THE defendant, as sheriff, under an execution against the plaintiff levied on and took possession of a building owned by plaintiff in which he carried on his trade or business of photographing, and this action was brought to recover possession of said building.

There was a trial by the court, a finding of facts, and judgment for the defendant.

The plaintiff appeals.

*Farley & Kelley*, for appellant.

*Woodin & McJunkin*, for appellee.

SEEVERS, J.—I. Under the finding of facts, the building in question is conceded to be personal property. It is further found that plaintiff is a photographer and mechanic; that he used and occupied said building for the purpose of carrying 1. EXECUTION: exemption. on his business therein, and that he thereby habit-

Holden v. Stranahan.

ually earned his living. The question presented is, whether the building is exempt from execution under section 3072 of the Code, which exempts "the proper tools, instruments, or books of the debtor, if a farmer, mechanic, surveyor, clergyman, lawyer, physician, teacher, or professor." It will hardly be claimed, we think, that the building in which the blacksmith, shoemaker, or carpenter may carry on his business would be exempt. Nor would the building erected by the farmer on leasehold premises, in which he lived with his family, and which, by the terms of the lease, he could remove therefrom, be exempt; and yet he must have some place which he and his family could occupy. The needs of the photographer, in this respect, are no greater than his, or those of the blacksmith or carpenter. It is not found as a fact, by the court, that the plaintiff could not carry on his business in any other building, or that the proper pursuit thereof required a building constructed in a peculiar manner, and we cannot know, judicially, that such is the case. Therefore, the plaintiff stands on the same plane as any other mechanic, and the terms "tools" or "instruments" have not, we think, any such broad and practically unlimited meaning. The statute means the tools or instruments used or handled by the mechanic, and does not include the building or place where the trade is pursued.

II. The action brought by the plaintiff being replevin, the court rendered a judgment against him and the sureties on his bond for the value of the property. It is claimed this is erroneous, because the plaintiff and surety offered to return the property. What effect an offer to return the property might have we are not required to determine, because we find no evidence of such offer having been made in the abstract. It is so claimed in the argument of counsel, but of course we cannot receive such a statement as evidence of a fact.

AFFIRMED.