## HICKMAN v. CRUISE, SHERIFF.

1. **Attachment:** PROPERTY EXEMPT TO FARMER: WHO IS A FARMER. A person whose vocation is that of a farmer is entitled to have exempted to him the property with which he, as a farmer, earns a living for himself and family, even though he does not own a farm, and has not leased one, and is not actually engaged in farming, at the time such property is levied on to satisfy his debts.

2. **Practice:** DIRECTING VERDICT. It is error to direct a verdict for the defendant when there is evidence tending to sustain plaintiff's cause of action.

*Appeal from Delaware Circuit Court.*

TUESDAY, OCTOBER 11.

ACTION to recover specific personal property, which the petition states the defendant, as sheriff, had levied upon and taken possession of under an attachment. The petition stated that the plaintiff was the head of a family and a farmer, and that the property was exempt from attachment because it constituted a portion of the property with which he habitually earned his living. Substantially, the allegations of the petition were denied in the answer, and it was pleaded that the plaintiff had started to leave the state, and therefore the property was not exempt. Trial by jury, and, under the direction of the court, the jury found for the defendant, and the plaintiff appeals.

*Welch & Welch*, for appellant.

*Herrick & Doxsee*, for appellee.

SEEVERS, J.—At the conclusion of the plaintiff's evidence

the defendant moved the court to "direct a verdict for the defendant, for the reason that plaintiff bases his ground of recovery upon the allegation that he was at the time a farmer, earning his living, and that he used the implements or property that is sought to be recovered for the purpose of supporting his family, and the uncontradicted evidence shows that the plaintiff was not at the time a farmer, nor engaged in farming, and that his intention was not to carry on farming, in a reasonable period, within the state of Iowa." This motion was sustained, and the jury returned a verdict accordingly.

*1. ATTACH-MENT: property exempt to farmer: who is a farmer.*

As we understand the motion and the ruling of the court, the question whether the plaintiff had started to leave the state was eliminated from the case. The motion is based alone on the thought that the plaintiff was not a farmer. The levy was made on the 16th day of March, and the plaintiff testified that he had been engaged in farming, as we understand, the preceding year, but that his lease had expired on the 1st of March, and he had not leased another farm when the levy was made. The plaintiff also testified: "I reside in Hopkinton, Delaware county. Have resided all my life in the state. Am the head of a family. My business is farming, and was at the time of the levy, and prior thereto, and always has been, farming.     *     *     *     I used the property in farming, for the support of my family." Now, while it is true the plaintiff was not at the time of the levy engaged in farming, that was his business or vocation by which he earned his living; and although it is true he did not own a farm, nor had he leased one, still he was a farmer. A man may be a farmer although he is not, on the particular day an execution may be levied on property, doing any specific thing as a farmer, if such is his vocation or business. It may be conceded as true that plaintiff gave other evidence which tended to show that he was not a farmer; still, if the case had been submitted to the jury, and it had been found that he was a farmer, in our opinion

*2. PRACTICE: directing verdict.*

the court would not have been justified in setting aside the verdict, and therefore the court erred in instructing the jury as it did. REVERSED.