## A. J. PEASE, Appellant, v. JAMES PRICE.

**Exemptions:** FARMING IMPLEMENTS.  Where he intends to resume farming, the mere fact that a farmer is temporarilly residing in town, has sought other employment while there, and has offered a part of his farming implements for sale, does not deprive him of his exemptions as a farmer, allowed him by Code, section 3072.  *Hickman v. Cruise*, 72 Iowa, 528, *followed.*

*Appeal from Clayton District Court.*—HON. L. E. FELLOWS, Judge.

FRIDAY, JANUARY 29, 1897.

THIS is an action for judgment on three promissory notes, and on an account.  An attachment was issued in the action, and levied upon certain farming implements and tools, as the property of the defendant.  Defendant moved to discharge the attached property, as exempt to him as a farmer, which motion

was sustained, and from the order discharging said property the plaintiff appeals.—*Affirmed.*

*R. E. & V. T. Price* and *Newberry Bros.* for appellant.

*Davidson & Cook* for appellee.

GIVEN, J.—Defendant states, as the grounds of his motion, that he is a married man, the head of a family, a resident of Clayton county, Iowa; that his business is that of a farmer, and that the property levied upon is the same that he has heretofore used in his business of farming, and which he purposes, expects, and intends to continue to use in and about the business of farming; and that it is all the farm implements of which he was possessed at the time the same were seized. There is no dispute but that if, at the time of the levy, January 18, 1895, the defendant was a farmer, the property levied upon was exempt to him, under section 3072 of the Code. The evidence shows, without conflict, that defendant was engaged in the business of farming, and used the implements in question in that business, up to and for some years prior to the first of March, 1894, and that, having no farm of his own, he rented from others. In March, 1894, he and his family moved into the town of Strawberry Point, where they continued to reside at the time of these proceedings. During that time defendant was engaged, to some extent, as a barkeeper in a saloon, and made some efforts to secure a place in which to start a saloon of his own. He testifies that the only reason why he was not using said implements as a farmer was that he had not been able to rent a farm suitable for the amount of help that he had in his own family. He says, "I have never abandoned the business of farming,

but, upon the contrary, have always intended, and do now intend, to continue to follow and conduct the business of farming." The fact that he sought other employment during the time that he was unable to procure a farm, is not in conflict with this statement as to his intention. It appears that in December, 1894, the defendant advertised some of these articles for sale, but that act does not show that he did not intend to continue in the business of farming. It also appears that defendant said on one occasion that he had sold part of said implements to his son-in-law, but it does not appear that the sale, if ever made, was consummated. The articles were taken as the property of the defendant, and from his possession. Under the ruling announced in *Hickman v. Cruise*, 72 Iowa, 528 (34 N. W. Rep. 316), it is not necessary that the defendant should have actually engaged in farming at the time the property was taken. In that case, as in this, the party claiming the exemption had been engaged in farming as a tenant, but was not so engaged, and had not leased a farm, for that year. It was held, however, that he was a farmer, within the meaning of the statute, and the court below properly so held in this case.— AFFIRMED.