## In re FLY.

(District Court, S. D. California. April 29, 1901.)

No. 1,458.

BANKRUPTCY—EXEMPTIONS—TEMPORARY CHANGE OF OCCUPATION.

A bankrupt who was engaged in farming until a short time before the adjudication is entitled to the exemptions given to a farmer by the laws of the state, although he is temporarily engaged in another pursuit, but without intention to permanently abandon his former occupation.

In Bankruptcy. Review of referee's decision dismissing so much of bankrupt's petition to set aside exempt property as relates to two horses, a sucking colt, plow, harrow, hayrake, and cultivator.

A. J. Monihon, Adcock & Reymert, and J. M. Emmert, for petitioner.

R. V. Bouldin, for trustee.

WELLBORN, District Judge. The evidence is undisputed that up to June of last year the bankrupt was actively engaged in farming. Although the bankrupt has since engaged in another pursuit, yet I think the inference a fair one that this latter occupation is but temporary, and does not mean permanent abandonment of his former occupation. It has been held, under the Iowa statute, that a debtor could claim his exemption as a farmer, though he had temporarily stopped farming and was living in town, and had sought other employment there, and had offered to sell some of his farming implements, if he intended to resume farming. Pease v. Price, 101 Iowa, 57, 69 N. W. 1120; 12 Am. & Eng. Enc. Law (2d Ed.) 104, note 1. See, also, Caswell v. Keith, 12 Gray, 351; Freem. Ex'ns, § 226. The referee's decision, so far as it relates to the articles above enumerated, is reversed, and said articles will be set aside to the bankrupt as exempt.