H. V. HOYER, Appellee, v. E. R. McBRIDE, Appellant.

EXEMPTIONS:  Property Exempt—Barber Chairs as "Tools."  The
    exemption term "proper tools" of a mechanic presents always a ques-
    tion of fact.  The term is not necessarily limited to the precise tools
    which the mechanic personally handles or ordinarily himself uses alone,
    nor does it embrace tools which are in effect *capital owned and used
    for the purpose of profit*.  Held, on instant record, that more than one
    barber chair and a "gum" machine were not exempt, while other
    miscellaneous paraphernalia designed for carrying on the business and
    caring for customers were exempt, though some of the separate articles
    were physically larger than necessary.

Headnote 1:  25 C. J. pp. 52, 53, 162.

Headnote 1:  2 A. L. R. 827; 11 R. C. L. 516.

*Appeal from Oelwein Superior Court.*—JAY COOK, Judge.

JANUARY 18, 1927.

Defendant moved to discharge the levy of a landlord's at-
tachment upon property claimed to be exempt as his barber's
tools of trade.  The motion was denied, and defendant appeals.
—*Reversed*.

*Guy R. Backus,* for appellant.

*W. B. Ingersoll,* for appellee.

MORLING, J.—The record shows that four razors, two or
three pair of scissors, combs, strops, and a mug were released as
exempt.  We do not understand plaintiff to resist the defend-
ant's right to the exemption of his proper tools as a mechanic,
under Section 11760, Code of 1924, and we think that such
resistance could not be successfully made.  *Baker v. Maxwell,*
183 Iowa 1192; *Fore v. Cooper* (Tex. Civ. App.), 34 S. W. 341;
*Terry v. McDaniel,* 103 Tenn. 415 (53 S. W. 732) ; 25 Corpus
Juris 51.  As we understand plaintiff's claim, it is that the de-
fendant must point out the particular tools used solely by him,
and that, under the language in *Holden v. Stranahan,* 48 Iowa

70,—namely, "the statute means the tools or instruments used or handled by the mechanic,"—defendant is not entitled to the exemption of tools which he does not personally use. The specific contention is that the defendant was employing other barbers; that he had four chairs, and was not entitled to claim more than one chair as exempt; and that his claim of "the liquids, powders, creams, and shampoos" is too general; that defendant is entitled only to the property incident to the one chair. The defendant's motion was supported by affidavits, in which it was stated that the property listed was his proper tools and instruments of trade used by him in his business of operating a barber shop. He shows that he is a barber by trade, engaged in that business, a resident of the state, and the head of a family. In his testimony in support of his motion, defendant testified that his shop was a four-chair shop; that he was employing two men besides himself, and at times employed four men, if necessary; that the equipment was for employing men besides himself. In *Holden v. Stranahan*, 48 Iowa 70, cited by plaintiff, the question was whether the building in which plaintiff carried on his occupation of photographer was exempt. The court said:

"The statute means the tools or instruments used or handled by the mechanic, and does not include the building or place where the trade is pursued."

It is evident that the case does not bear the interpretation that counsel places upon it. The statute exempts "the proper tools, instruments, or books of the debtor, if a farmer, mechanic, surveyor, clergyman, lawyer, physician, teacher, or professor." Section 11760. Manifestly, we think, a farmer, for instance, would not be limited in his exemption to the tools which he himself could handle, or the lawyer, physician, teacher, or professor to the books which he personally uses. It is "the proper tools, instruments, or books" that are exempt. Some machines that would be exempt would require more than one man to operate them. See *Baker v. Maxwell*, 183 Iowa 1192. In *Fore v. Cooper* (Tex. Civ. App.), 34 S. W. 341, two barber chairs and their accompanying equipment were held to be exempt. In *Daniels v. Hayward*, 5 Allen (Mass.) 43 (81 Am. Dec. 731), the court said:

"While the exemption was not intended to apply to large

manufacturing establishments, it has not been supposed to be at variance with the letter or the spirit of the statute to apply it to the case of a mechanic, carrying on a small business, although he may have in his employment men who perform the principal part of the labor with the tools, implements, and fixtures. The limitations as to exemptions of this character were carefully stated by the court, and properly applied to the case. This view of the statute seems well authorized by the cases of *Pierce v. Gray,* 7 Gray, 67, and *Dowling v. Clark,* 1 Allen, 283; and 3 Allen, 570.''

In *Smith v. McBryde* (Tex. Civ. App.), 173 S. W. 234, it is held that the statute exempting '' 'all implements of husbandry' * * * would include all implements used by the farmer in conducting his farming operations, not only those that he might use directly, but those used by his tenants and employees.''

In *Bliss v. Vedder,* 34 Kan. 57 (7 Pac. 599, 55 Am. Rep. 237), it is held, under a statute exempting ''the necessary tools and implements of any mechanic, miner, or other person, used and kept for the purpose of carrying on his trade or business,'' that one who is an editor and publisher and performs a considerable portion of the work himself, though the manual labor is done in part also by the agency of employees, is entitled to the exemption. See, further, 25 Corpus Juris 53. We are of the opinion that, under our statute, the farmer, mechanic, etc., are not limited in their exemptions to the precise tools, instruments, or books which they personally handle or ordinarily themselves alone use. To so limit the statute would be to deny, in many instances, the benefit of the exemption laws, which are to be liberally, and not strictly, construed. The limitation is to ''the proper tools,'' etc., of the debtor. The exemption, however, does not extend to tools, instruments, or books which are, in effect, capital, owned and used for the purpose of profit in the operation of an extensive business. We think that the question in each case is one of fact, whether the tools are the proper tools in the reasonable conduct of the debtor's trade or profession. In this case, the defendant's showing on affidavit is that the four chairs are his proper tools and instruments of trade; but he also shows that he employed as many as four men, when necessary, and for the purpose of gain. It may be that defendant

himself might, with one or more assistants, require for the proper operation of his trade more than one chair. We think, however, that, on this record, he is claiming exemption of chairs in excess of the number that would be his proper tools of trade, and is claiming exemption for chairs which are, in effect, the capital of a business which he owns, and through others operates, rather than through them as assistants to him in his trade; and on this particular record, his showing does not sustain his claim to more than one chair. Defendant claims as exempt, among other things, one gum machine, two gallons of hair tonic, and one-half gallon of shampoo. We are of the opinion that the gum machine cannot be claimed as exempt, and that, while the quantity of hair tonic and shampoo may be rather large, the record would not authorize us to say that it is unreasonable. He claims also one four-chair case. The fact that he has installed a case larger than is necessary for his requirements, without any further showing, would not, of itself, defeat the exemption. The claim for cash register, 1 pair clippers, 1 small mirror, 1 table, 1 writing desk, 8 straight chairs, 1 rocking chair, 1 small wall case, 1 heating stove, 1 water heater and tank, 1 electric massaging machine, 1 electric hair dryer, 1 child's seat, 1 shearer grinder, 1 hall tree, 1 two-hole lavatory, we think should be sustained.

On the showing made, the court should have sustained the claim to exemption, except as to three barber chairs and one gum machine. The defendant has the right to select one chair.

The judgment is—*Reversed*.

STEVENS, FAVILLE, DE GRAFF, VERMILION, and ALBERT, JJ., concur.

EVANS, C. J. (specially concurring).—The exemption statute puts no limit upon the number of tools to be held as exempt by a farmer, physician, or *mechanic*. I know of no judicial power to set a limitation thereon.