John A. FLICK and Sindy Flick, Plaintiffs,

v.

UNITED STATES of America, acting Through the FARMERS HOME ADMINISTRATION, U.S. DEPARTMENT of AGRICULTURE, Defendant.

Civ. A. No. 84–436.
Bankruptcy No. 81–2942.
Adv. No. 82–367.

United States District Court,
W.D. Pennsylvania.

March 6, 1985.

Kenneth W. Johnson, Rockwood, Pa., for plaintiffs.

Judith K. Giltenboth, Atty., Beverly Weiss Manne, Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

This is an appeal from the Bankruptcy Court of the Western District of Pennsylvania. Pursuant to § 522 of the Bankruptcy Code, 11 U.S.C. § 522; the court below avoided certain government liens constituting non-possessory, non-purchase money security interests in the property of the debtors, John and Sindy Flick. The government contends on appeal that § 522 is inapplicable to liens held by the United States. The government further asserts that the bankruptcy court erred by allowing the debtors to avoid liens in their farm tools and implements under § 522 because debtors did not meet the definition of "farmer" set forth in § 101(17) of the Bankruptcy Code, 11 U.S.C. § 101(17).

On May 31, 1979 the Farmers Home Administration loaned $19,300 to the debtors who needed funds to continue to operate their farm. The loan was evidenced by a promissory note and a security agreement of the same date. The security agreement granted the FmHA a security interest in all crops, equipment and livestock presently owned and to be acquired thereafter. The FmHA perfected its security interest by filing a financing statement on May 9, 1979. The debtors filed for bankruptcy on November 2, 1981 and brought the present action to avoid the governmental liens on February 18, 1982.

I. *Applicability of Section 522(f) to the United States as Creditor*

Section 522(f) authorizes the avoidance of judicial liens and non-possessory non-purchase money security interests in certain property exempted under §§ 522(b) and (d). The FmHA asserts that § 522 should not apply to liens held by the government be-

cause § 522 does not specifically divest the government's rights, because the government cannot be an "over-reaching" creditor, who is allegedly the target of § 522(f), and because the government never waived sovereign immunity with regard to actions seeking avoidance of liens under § 522(f). We agree with the bankruptcy court that the government, as any secured party, is subject to the avoidance of liens under § 522.

The government contends that § 106 of the Bankruptcy Code, 11 U.S.C. § 106, sets forth the sole conditions for waiver of sovereign immunity in bankruptcy proceedings. Section 106(c) provides as follows:

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

Since none of the three enumerated phrases are employed in § 522, the government argues that § 106 is inapplicable and thus no sovereign immunity is waived with regard to § 522.

█ The Court of Appeals considered and rejected this argument in *Gardner v. Commonwealth of Pennsylvania, Department of Public Welfare*, 685 F.2d 106 (3d Cir.1982), *cert. denied*, 459 U.S. 1092, 103 S.Ct. 580, 74 L.Ed.2d 939 (1982). Although *Gardner* concerns the immunity of a state agency, the court's broad language indicates that its reasoning applies to the federal government as well:

DPW makes the ingenious but unpersuasive argument that because § 522(f) does not contain the specific words "creditor", "entity", or "governmental unit", it cannot have been intended to apply to the states. The legislative history of section 522(f) suggests, however, that for purposes of lien avoidance no distinction was intended between governmental and non-

governmental entities. [cites omitted] ... Governmental creditors are for most purposes treated like other creditors, and there is no suggestion that the exemption provisions in section 522 are to apply to such creditors differently. *Id.* at 108. Moreover, the court cited with approval *In re Neavear*, 674 F.2d 1201 (7th Cir.1982) and the conclusion that "section 106(c) ... waives the sovereign immunity of the United States with respect to questions relating to the dischargeability of debts owed to the [federal] government." *Id.* (quoting *Neavear, supra*, 674 F.2d at 1204). We also note that the Court of Appeals, without specifically considering the issue of sovereign immunity, allowed the debtors to avoid liens held by the FmHA in their farming tools and implements pursuant to § 522(f)(2)(B) in *Augustine v. United States*, 675 F.2d 582 (3d Cir.1982). Thus, by clear implication, the court found no sovereign immunity. We hold the government's claim of sovereign immunity is without merit and that § 522(f) of the Bankruptcy Code can be employed to avoid liens possessed by the United States.

## II. *Classification of Debtor as a Farmer*

Section 522(f)(2)(B) allows a debtor to avoid non-possessory, non-purchase money security interests in tools of the trade to the extent of the $750 dollar exemption for such items provided in § 522(d)(6). Specifically, the debtors seek to avoid liens on their farming tools and implements, which include a corn planter, two wagons, a haybine, a silo and a barn cleaner. The government contends that § 522(f)(2)(B) is not available because the debtors do not meet the definition of "farmer" set forth in § 101(17) of the Bankruptcy Code. 11 U.S.C. § 101(17). Section 101(17) provides:

"[F]armer" means person that received more than 80 percent of such person's gross income during the taxable year of such person immediately preceding the taxable year of such person during which the case under this title concerning such person was commenced from a farming

operation owned or operated by such person.

Both parties agree that the debtors fail to meet this test. However, the bankruptcy court found that the definition in § 101(17) was inapplicable and permitted the debtors to avoid the government's lien in the farm equipment as tools of the trade.

■ We will affirm the bankruptcy court's holding that the definition of "farmer" in § 101(17) is not controlling for purposes of the "tools of the trade" avoidance provision. 11 U.S.C. § 522(f)(2)(B). The court below followed its previous opinion in *In re Yoder*, 32 B.R. 777 (Bankr.W.D.Pa. 1983), where Judge Cosetti noted the unfairness of denying the exemption to persons who were primarily farmers but could not meet the 80 percent test because of non-farm income from part-time work. *Id.* at 780. Further, nowhere in § 522(f)(2)(B) is the word "farmer" used. Section 522(f)(2)(B) refers instead to debtors. "Debtor" is defined in § 101(12) and contains no exclusion for farmers with outside income. *Id. Matter of Decker*, 34 B.R. 640 (Bankr.N.D.Ind.1983) tracks this reasoning. Numerous other courts have considered whether a debtor is a "farmer" for purposes of the "tools of the trade" provision in § 522(f)(2)(B) without making reference to the § 101(17) definition. *See In re Lipe*, 36 B.R. 597 (Bankr.W.D.Mo.1983); *In re Pommerer*, 10 B.R. 935 (Bankr.D.Minn. 1981); *Matter of Hahn*, 5 B.R. 242 (Bankr. S.D.Iowa 1980); *Matter of Hanks*, 11 B.R. 706 (Bankr.W.D.La.1977).

Contrary to the assertion of the government, the Court of Appeals in *Augustine v. United States*, 675 F.2d 582 (3d Cir.1982) did not look to § 101(17) to determine whether the debtor was a farmer for purposes of § 522(f)(2)(B). The court merely noted that both sides had stipulated that the debtor met the definition of a "farmer" under § 101(17). Thus the appellate court never reached the issue presented here.

■ However, in order to avoid liens attached to "tools of the trade" pursuant to § 522(f)(2)(B), a debtor must prove that he is "legitimately engaged in a trade which regularly uses the specific tools or implements being exempted," as the bankruptcy judge has previously stated. *Yoder, supra*, 32 B.R. at 781; *accord, Decker, supra*, 34 B.R. at 641. Although as a general rule a debtor must be engaged in the relevant trade on the date of the bankruptcy petition, a temporary abatement of work in the trade may not be fatal to the claimed exemption for tools of the trade. *In re Johnson*, 19 B.R. 371, 374–75 (Bankr.D. Kan.1982). Courts have upheld the exemption in the absence of an intentional abandonment of the trade by the debtor. *Pommerer, supra*, 10 B.R. at 942; *Hahn, supra*, 5 B.R. at 245.

■ The bankruptcy judge made no findings of fact concerning whether the instant debtors were "legitimately engaged" in farming. Because the government appears to contend that the debtors sold all of their livestock and had permanently abandoned farming at the time of the petition, we will remand to the bankruptcy court for further findings. If the facts establish that the debtors were legitimate farmers under the precepts rehearsed above, each debtor is entitled to avoid the FmHA liens on the farm tools and implements to the extent of $750. 11 U.S.C. §§ 522(b)(1), 522(d)(6), 522(f)(2)(B). The bankruptcy judge should then reinstate the prior ruling. If the facts are otherwise, the "tools of the trade" lien avoidance must be disallowed. We note for the benefit of the parties that the findings of fact of the able bankruptcy judge on remand are reversible only if "clearly erroneous." Rule of Bankr.Proc. 8013.

A written order will follow remanding the case to the bankruptcy court for further proceedings in accordance with this opinion.