In the Matter of Max A. MYERS, Mary Lou Myers, fdba Myers Farm, Engaged in Farming, Debtors.

**Bankruptcy No. 85–1459–C.**

United States Bankruptcy Court,
S.D. Iowa.

Dec. 12, 1985.

Dallas J. Janssen, West Des Moines, Iowa, for debtors.

Walter H. Sheata, St. Louis, Mo., Robert R. Rydell, Des Moines, Iowa, for Mercantile Bank of Memphis.

## MEMORANDUM OF DECISION

RICHARD STAGEMAN, Bankruptcy Judge.

At Des Moines, in the Southern District of Iowa, on the 10th day of December 1985.

This is a case under Chapter 7 of the Bankruptcy Code filed by the debtors, Max A. and Mary Lou Myers. The specific matter before the court is a motion to avoid liens on exempt tools of the trade pursuant to § 522(f)(2). The motion has been resisted by the lien-holder, Mercantile Bank of Memphis ("Bank").

### I.

The debtors seek to avoid liens on certain farm equipment they claim exempt as tools of the trade.[1] The Bank resists the debtors' motion on the ground that the debtors are not engaged in the trade of farming. In support of its resistance the Bank advances two arguments frequently heard by this court. First, the Bank argues that the debtors cannot be entitled to a farmer's implements of husbandry exemption because they are both full-time schoolteachers. Second, the Bank argues that the debtors have abandoned farming.

### II.

Numerous decisions by bankruptcy courts have addressed the question whether a debtor who farms and also engages in another occupation is entitled to claim exemptions and avoid liens as a farmer. The weight of authority holds that the definition of a farmer found in Bankruptcy Code § 101(17) does not apply to exemption and lien avoidance questions. *E.g., Flick v. United States,* 47 B.R. 440, 443 (W.D.Pa. 1985); *Middleton v. Farmers State Bank of Fosston,* 45 B.R. 744, 747 (Bkrtcy.D. Minn.1985); *In re La Fond,* 45 B.R. 195, 199 (Bkrtcy.D.Minn.1984); *Matter of Decker,* 34 B.R. 640, 641 (Bkrtcy.N.D.Ind.1983). *Contra, In re Holman,* 26 B.R. 110, 112 (Bkrtcy.M.D.Tenn.1983).

The courts have used varying approaches in deciding whether a debtor engaged in two occupations may claim an exemption for "tools of the trade". In *In re Walkington,* 42 B.R. 67 (Bkrtcy.W.D.Mich.1984), a nonfarm case, the court allowed an exemption for tools used in the debtor's primary occupation. *Id.* at 72. An income test was used to determine the primary occupation. *Id.*

---

1. Throughout this opinion the farm equipment and machinery will be referred to as either "tools of the trade" or "implements of husbandry". Bankruptcy Code § 522(f)(2) allows lien avoidance of exempt "tools of the trade". Iowa's exemption law allows a farmer to ex- empt "implements of husbandry". Iowa Code § 627.6(10)(d) (1985). "Implements of husbandry" are a farmer's tools of the trade, including those implements used to grow crops. *See* Black's Law Dictionary 668, 679 (5th ed. 1979).

In *In re Oetinger*, 49 B.R. 41, 42 (Bkrtcy. D.Kan.1985), the court applied Kansas law and allowed exemptions for tools of the debtor's primary occupation. Apparently, the court determined the primary occupation based on hours worked rather than on income. *See id.* at 43. *See also In re Samuel*, 36 B.R. 312, 314 (Bkrtcy.E.D.Va. 1984) (nonfarm case applying state law to allow exemption only for principal occupation).

Other courts have not followed a primary occupation test or an income test. In *In re La Fond*, an income test was rejected. 45 B.R. at 200. Instead, the debtor was required to

> ... prove that he is legitimately engaged in a trade which currently and regularly uses the specific implements or tools exempted and on which lien avoidance is sought.

*Id.* Other cases have adopted the same test. *E.g., Flick v. United States*, 47 B.R. at 443; *In re Yoder*, 32 B.R. 777, 781 (Bkrtcy.W.D.Pa.1983).

Although the bankruptcy farm cases cited show a general tendency of being liberal in deciding whether a debtor with two occupations may claim farm implements as exempt tools of the trade, they do not dispose of the present case. The question presented is properly one of Iowa law, and the above cited cases do not interpret Iowa law.

■ In determining that Iowa law controls this case, the court looks to Bankruptcy Code § 522(f). That lien avoidance provision is a matter of federal law, not state law. *Matter of Thompson*, 750 F.2d 628, 630 (8th Cir.1984). However, lien avoidance is only available for liens that impair "an exemption to which the debtor would have been entitled to under subsection (b) of [section 522]...." 11 U.S.C. § 522(f). In short, a valid exemption under state law is a prerequisite to receiving relief through

lien avoidance in states where the uniform federal exemptions do not apply. Under Iowa Code § 627.10 (1985) a debtor in Iowa may only claim exemptions under Iowa law. Thus, questions about the propriety of an exemption are matters of Iowa law. *See also In re Oetinger*, 49 B.R. at 42; *In re Samuel*, 36 B.R. at 314 (both cases applying state exemption law). Since the Bank has only challenged the propriety of the debtors' exemptions, Iowa law is controlling.[2]

### III.

The Meyers claim their farm equipment and machinery are exempt pursuant to Iowa Code § 627.6(10)(d) (1985). That section provides:

> A debtor who is a resident of this state may hold exempt from execution the following property:
>
> . . . .
>
> 10. Any combination of the following, not to exceed a value of five thousand dollars in the aggregate:
>
> . . . .
>
> d. If the debtor is engaged in farming, a team consisting of not more than two horses or mules or two yokes of cattle, and the wagon or other vehicle, with the proper harness or tackle, or other necessary implements of husbandry, or a combination of these. This exemption is in addition to any motor vehicle held exempt under paragraph "b."

The question presented here is whether the Meyers' occupations as full-time teachers disqualifies them from claiming this exemption.

Iowa exemption laws are to be liberally construed in favor of those claiming the benefit of such laws. *Frudden Lumber Co. v. Clifton*, 183 N.W.2d 201, 203 (Iowa 1971); *Matter of Hahn*, 5 B.R. 242, 245 (Bkrtcy.S.D.Iowa 1980). The Iowa court has construed the statute liberally when

---

**2.** Section 522(f)(2)(B) does not contain any restrictions not found in State exemption law. The *Thompson* case involved Section 522(f)(2)(A), which does contain such restrictions. *See* 750 F.2d at 630 (lien avoidance re-

stricted to exempt property that is held "primarily for the personal, family, or household use of the debtor"). Thus, *In re Thompson* is distinguishable from this case.

deciding whether a debtor with two occupations may claim an exemption for tools of the trade. In *Equitable Life Assurance Society of United States v. Goode*, 101 Iowa 160, 70 N.W. 113 (1897), the debtor was in the real estate business and was also an attorney. The court ruled that the debtor was entitled to exempt his law books from execution. The court stated:

> The undisputed evidence is that the defendant was occupied at least one-fourth of his time in doing the proper work of a lawyer, and that what he thus did contributed to his support. We have seen that it was not necessary for him to earn his living by the services he performed as a lawyer, to hold the property in question exempt.... The only conclusions which can properly be drawn from the evidence is that the defendant was a lawyer within the meaning of the statute....

101 Iowa at 163, 70 N.W. at 114.

Thus, in the *Goode* case the Iowa court did not adopt a principal occupation test. It did not adopt a percentage of income test. And it did not adopt a percentage of time worked test. The only requirement, in addition to working at the trade or profession, is that the work contribute to the debtor's support.

█ It is undisputed that the Myers were engaged in farming. There has been no allegation that such work failed to contribute to their support. Thus, their work as full-time schoolteachers does not prevent them from claiming farm equipment as exempt tools of their trade.

## IV.

The Bank has also argued that the debtors have abandoned farming and, therefore, are not entitled to claim farm property as exempt. This argument is supported by the debtors' statement in their petition of relief that they had terminated farming on April 1, 1985.

The debtors argue that they are still engaged in farming. Although they do not own or lease land, they spent a significant amount of time in the summer of 1985 putting up hay from 317 acres. In addition, Max has been tending one livestock herd full time and two other herds part time. The debtors also state that they plan to plant 60 acres of winter wheat and that they hope to rent land and custom farm in 1986.

The court finds that the debtors were engaged in custom farming at the time they filed their petition. What remains to be determined is what effect that status has upon their claimed exemptions.

The rule is well settled that debtors claiming a tools of the trade exemption must be engaged in the trade at the time the petition is filed. *Matter of Richardson*, 47 B.R. 113, 118 (Bkrtcy.W.D.Wisc. 1985); *In re Johnson*, 19 B.R. 371, 374 (Bkrtcy.D.Kan.1982); *Matter of Hahn*, 5 B.R. at 245. In Iowa, a temporary cessation of farming does not defeat a claimed exemption if the debtor intends to return to farming. *Pease v. Price*, 101 Iowa 57, 59, 69 N.W. 1120 (1897); *Hickman v. Cruise*, 72 Iowa 528, 529, 34 N.W. 316, 317 (1887); *Matter of Hahn*, 5 B.R. at 245. The bankruptcy courts are in accord on this point, although some state that exemptions remain available only where the cessation was involuntary. *See, e.g., Flick v. United States*, 47 B.R. at 443 (involuntary cessation); *Matter of Richardson*, 47 B.R. at 118-19; *Middleton v. Farmers State Bank of Fosston*, 45 B.R. at 747; *In re La Fond*, 45 B.R. at 200 (involuntary cessation). In the *Pease* case, 101 Iowa 57, 69 N.W. 1120, and the *Hickman* case, 72 Iowa 528, 34 N.W. 316, the Iowa court appears to give great weight to the debtor's stated intention to resume farming. In both cases, however, the court was acting in an appellate role, not as a finder of fact. The trial courts have split on the issue of how much weight should be given to the debtor's statement of intent. In *In re Pommerer* the court stated:

> [The debtors'] intention must be afforded great weight.... It is not for this Court to judge the wisdom, or even the feasibility, of defendants attempting to re-

sume farming. This court finds nothing in the law which conditions the exemption for tools of a trade upon the debtor successfully pursuing that trade. If debtors intend to be farmers, so be it. 10 B.R. 935, 942 (Bkrtcy.D.Minn.1981). This approach has been followed, *In re La Fond*, 45 B.R. at 200, but two other courts have required the debtor to show reasonable prospects of re-engaging in farming. *Matter of Richardson*, 47 B.R. at 119; *In re Johnson*, 19 B.R. at 375. This issue need not be addressed further until the court has decided whether the debtors abandoned farming.

In deciding whether the debtors abandoned farming, the issue is whether a custom farmer is a farmer for the purpose of Iowa's exemption laws. One case suggests that a custom farmer is not entitled to claim an exemption for tools of the trade. In *Meyer v. Meyer*, 23 Iowa 359, 375–77 (1867), the court held that a farmer could not exempt a threshing machine used partly for his personal use and partly for hire. Although technically the holding was that the particular machine used for hire was not exempt property, it could be inferred, as a corollary to that holding, that a farmer who uses machines solely for hire—a custom farmer—is not entitled to any exemptions for tools of the trade.

Later cases suggest *Meyer* should not be read so broadly. In *Baker v. Maxwell*, 183 Iowa 1192, 1193–96, 168 N.W. 160, 160–61 (1918), the court found the owner of a portable sawmill that was used solely for hire to be a mechanic entitled to claim the sawmill as an exempt tool of the trade. The *Baker* court specifically discussed *Meyer* and indicated it was the nature of the threshing machine, not its use for hire, that made the machine nonexempt property. 183 Iowa at 1197–98, 168 N.W.2d at 162.

The case of *Hoyer v. McBride*, 202 Iowa 1278, 211 N.W. 847 (1927), seems more in accord with *Meyer* than with the *Baker*

case. In *Hoyer*, the court allowed a barber to claim one barber chair exempt, but stated that the tools of the trade exemption, "does not extend to tools, instruments, or books which are, in effect, capital, owned and used for the purpose of profit in the operation of an extensive business." 202 Iowa at 1280, 211 N.W. at 848. The court further stated that whether the tools are nonexempt capital or exempt tools properly used in reasonable conduct of the debtor's trade is an issue of fact in each case. *Id.* The barber's other three chairs were found to be capital of his business and nonexempt. 202 Iowa at 1281, 211 N.W. at 848.

■ After examining all three cases, the court concludes that the *Meyer* and *Hoyer* cases should be read narrowly and construed as simply setting limits on what property may be exempted.[3] As the *Baker* case shows, engaging in a trade for profit instead of for the debtor's personal support does not prevent the debtor from claiming a tools of the trade exemption. Thus, a custom farmer is a farmer for the purpose of Iowa's exemption statute.

Further support for this rule can be found in *Matter of Lipe*, 36 B.R. 597 (Bkrtcy.W.D.Mo.1983). In that case the court distinguished a prior case making a distinction between a farming business and the debtor's trade, stating:

> Furthermore, the standard definitional sources define "trade" so as to include not only that which results in a subsistence, but also that which may be plied for profit. "Trade" is defined as "(t)he business which a person has learned which he carries on for procuring subsistence, *or for profit.*" Black's Law Dictionary, p. 1665 (1968). (Emphasis added.)

36 B.R. at 598.

Because the court has found that the debtors were engaged in custom farming at the time they filed their petition, they

---

**3.** The exemption statute being construed in *Meyer* and *Hoyer* did not contain any limitation on the value of property claimed exempt. The present exemption statute sets a $5,000 limit on exempt tools of the trade. Iowa Code § 627.-6(10) (1985).

are to be considered farmers for the purpose of the exemption statute. They did not, by becoming custom farmers, abandon the trade of farming.

### V.

 The Bank has argued that the debtors are not entitled to take advantage of a double exemption unless it is shown that the primary occupation of both debtors is farming. However, as was discussed in division III of this opinion, *supra,* Iowa law does not use the primary occupation test for allowing exemptions.

Both debtors may claim an exemption.

An appropriate order will be entered.