**In the Matter of Lynn Paul SMITH, Debtor.**

**Bankruptcy No. 86–3391–W.**

United States Bankruptcy Court, S.D. Iowa.

Sept. 25, 1987.

Janice M. Woolley, Omaha, Neb., for debtor.

Charles L. Smith, Council Bluffs, Iowa, trustee.

Jay T. Randall, vice-president of Dunlap Sav. Bank, pro se.

## ORDER ON MOTION TO AVOID LIENS

LEE M. JACKWIG, Bankruptcy Judge.

On April 21, 1987 a motion to avoid liens filed by the debtor on March 27, 1987 and a resistance thereto filed by Dunlap Savings Bank (Bank) on March 30, 1987 came on for telephonic hearing in Des Moines, Iowa. Janice M. Woolley appeared on behalf of the debtor and Jay T. Randall, vice-president of the Bank, appeared *pro se.* The case has been submitted upon the affidavit of the debtor and letter briefs.

The debtor filed a petition on December 30, 1986. He seeks to avoid a lien on, among other things, a John Deere corn planter. In resisting this motion, the Bank contends that the debtor is not a farmer for purposes of Iowa's exemption statute.[1] For the reasons expressed below, the court finds the debtor qualifies as a farmer.

## FACTUAL BACKGROUND

During the spring of 1984, the Bank renewed and refinanced the debtor's outstanding loan in the amount of $21,500.00.

---

1. The Bank did not object to exemptions timely; however, the deadline passed prior to *Matter of*

*Towns,* 74 B.R. 563 (Bankr.S.D.Iowa 1987).

To secure the note, the debtor granted the Bank a security interest in certain items including the planter. The Bank concedes its interest is a nonpossessory, nonpurchase money security interest.

The debtor was a full-time farmer from 1978 until January of 1984 when he sold his livestock and most of his machinery to reduce his debts and to alleviate his financial difficulties. Since the sale, he has worked at a meat locker and, most recently, at a rendering plant.

The debtor also provides support for his family by custom farming. He engages in farm work such as plowing, disking, planting and harvesting for his father in exchange for rent. He also does planting work for Alan Nichols, R.R. Dunlap.

The debtor states that it is his intention to return to farming when his finances allow him to do so.

## DISCUSSION

■ In deciding whether the debtor is a farmer for exemption purposes, the court must first determine what law controls. It is clear that lien avoidance under 11 U.S.C. section 522(f) is a matter of federal law, not state law. *Matter of Thompson,* 750 F.2d 628, 630 (8th Cir.1984). However, section 522(f) permits debtors to avoid liens on property to the extent the liens impair exemptions to which the debtors otherwise would have been entitled under the federal exemptions or under applicable state law. 11 U.S.C. § 522(b)(1) authorizes states to "opt out" of the federal exemption scheme. Iowa has done so by virtue of Iowa Code section 627.10. Therefore, the court must turn to Iowa law to determine whether the debtor is a farmer for purposes of Iowa's exemption statute.[2]

Iowa Code section 627.6(11) provides in part the following:

If the debtor is engaged in farming ... [the debtor may claim] any combination of the following, not to exceed a value of ten thousand dollars in the aggregate [exempt]:

 a. Implements and equipment reasonably related to a normal farming operation. This exemption is in addition to a motor vehicle held exempt under subsection 9.

....

*Id.* (emphasis added).

Iowa's exemption statute is based upon the premise "that it is better that the ordinary creditor's claims should remain partially unsatisfied than that a resident of the state should be placed in such an impecunious position that he and his family became charges of the state." Note, *Personal Property Exemptions in Iowa: An Analysis and Some Suggestions,* 36 Iowa L.Rev. 76, 77 (1950). The Iowa Supreme Court has ruled that the purpose of the exemption statute "is to secure to the unfortunate debtor the means to support himself and the family; the protection of the family being the main consideration." *Shepard v. Findley,* 214 N.W. 676, 678 (Iowa 1927).

In construing Iowa's exemption laws, the court is mindful of the well settled proposition that Iowa's exemption statute must be liberally construed. *Frudden Lumber Co. v. Clifton,* 183 N.W.2d 201, 203 (Iowa 1971). Yet, this court must be careful not to depart substantially from the express language of the exemption statute nor to extend the legislative grant. *Matter of Hahn,* 5 B.R. 242, 244 (Bankr. S.D. Iowa 1980), *citing Wertz v. Hale,* 212 Iowa 294, 234 N.W. 534 (1931) and *Iowa Methodist Hospital v. Long,* 234 Iowa 843, 12 N.W.2d 171 (1944).

In the case of *In re Myers,* 56 B.R. 423 (Bankr. S.D. Iowa 1985), former Bankruptcy Judge Richard Stageman analyzed whether a custom farmer was a farmer for

**2.** It is important to note that the definition of farmer under 11 U.S.C. section 101(17) is not applicable to exemption and lien avoidance issues. *See In re LaFond,* 791 F.2d 623, 625–626 (8th Cir.1986); *Flick v. United States through Farmers Home Administration,* 47 B.R. 440, 442–443 (W.D.Pa.1985); *In re Schuette,* 58 B.R. 417, 420 (Bankr.D.Minn.1986); *Middleton v. Farmer State Bank of Fosston,* 45 B.R. 744, 747 (Bankr. D.Minn.1985); *Matter of Decker,* 34 B.R. 640, 641 (Bankr.N.D.Ind.1983). *But see, In re Holman,* 26 B.R. 110, 111–112 (Bankr.M.D.Tenn. 1983); *In re Liming,* 22 B.R. 740, 742 (Bankr.W. D.Okla.1982).

purposes of Iowa's exemption laws. After examining a number of Iowa Supreme Court cases, he concluded custom farmers were such farmers. *Myers,* 56 B.R. at 427. In assessing the weight to be given the debtor's statement of intent to resume farming, Judge Stageman stated:

> [The debtors'] intention must be afforded great weight.... It is not for this court to judge the wisdom, or even the feasibility of defendants attempting to resume farming. The court finds nothing in the law which conditions the exemption for tools of the trade upon the debtor successfully pursuing that trade. If the debtors intend to be farmers, so be it.

*Myers,* 56 B.R. at 427, *quoting, In re Pommerer,* 10 B.R. 935, 942 (Bankr.D.Minn. 1981).

The *Myers* decision also addressed what effect off farm employment has on the debtor's status as a farmer. The debtors in that case were two full time teachers. In ruling that they were farmers for exemption purposes, Judge Stageman noted that the Iowa Supreme Court has not adopted a principal occupation test nor a percentage of income test. Rather, the only requirement is that the work contribute to the debtors' support. *Myers,* 56 B.R. at 426.

■ The evidence in this case supports finding that the debtor is a farmer under Iowa's exemption statute. His custom farming activities certainly contribute to his support in that his work on his father's farm is being exchanged for rent. His additional planting work and his desire to return to farming full time are noted. The fact the debtor has off farm employment does not detract from this debtor's farmer status.

### CONCLUSION AND ORDER

WHEREFORE, based upon the foregoing analysis, it is hereby found that the debtor qualifies as a farmer for purposes of Iowa's exemption statute.

THEREFORE, the debtor's motion to avoid liens is granted.