**In the Matter of Glenn Lee CLAUSEN, Linda Claire Clausen, Engaged in Farming, Debtors.**

**Bankruptcy No. 87–1769–W.**

United States Bankruptcy Court, S.D. Iowa.

Jan. 11, 1988.

C.R. Hannan, Council Bluffs, Iowa, for debtors.

Ronald L. Comes, Omaha, Neb., for SB & T.

Charles L. Smith, Council Bluffs, Iowa, trustee.

## ORDER ON OBJECTION TO EXEMPTION AND OBJECTION TO MOTION TO AVOID LIEN

LEE M. JACKWIG, Chief Judge.

On October 14, 1987 a hearing on objection to exemption and objection to motion to avoid lien was held in Council Bluffs, Iowa. State Bank and Trust (SB & T) filed an objection to exemption on August 5, 1987. The debtors filed a motion to avoid liens on September 10, 1987. SB & T filed a resistance thereto on September 22, 1986. C.R. Hannan appeared on behalf of the debtors and Ronald L. Comes appeared on behalf of SB & T. Charles L. Smith, trustee, was present. The case has been submitted on briefs and transcripts of the first meeting of creditors and the hearing.

The debtors filed a joint petition on July 6, 1987. They seek to avoid liens on a 1969 IHC 856 tractor and a New Holland grinder mixer. SB & T argues that Glenn Clausen is not a farmer and therefore is not entitled to avoid liens on this machinery pursuant to Iowa Code section 627.6(11)(a).

### FACTS

In the fall of 1980 the debtors ceased operating their cattle feeding and grain enterprise due to the downturn in the farm economy and the loss of rented ground. The debtors had been operating the farm since the early 1970's.

Glenn currently is employed by an entity known as Kuhn Farms, Inc. Kuhn Farms produces grain and markets cattle and hogs. He has been working there for the last six and a half years. Glenn is primarily involved in the cattle operation. He also assists in producing crops. His specific duties include dispensing feed and medicine to cattle, treating sick cattle, and supervising hired help. Glenn also operates farm machinery. He listed his occupation on the schedules as a cattle herdsman. Linda Clause is a substitute school teacher.

Glenn does not use the tractor or grinder-mixer in his current employment. This machinery has been stored in Neola, Iowa since the debtors ceased operating their own farm. At the first meeting of creditors Glenn testified that he intends to resume farming on his own within five to ten years. At the hearing, he stated the time at which he will resume farming is dependent primarily upon the distribution of his mother-in-law's estate which includes farm land. Parenthetically it is noted that Glenn's eighty-three year old mother-in-law was still living at the time of the hearing.

### DISCUSSION

In deciding whether Glenn Clausen is a farmer for exemption purposes, the court must first determine what law controls. It is clear that lien avoidance under 11 U.S.C. section 522(f) is a matter of federal law, not state law. *Matter of Thompson*, 750 F.2d 628, 630 (8th Cir.1984). However, section 522(f) permits debtors to avoid liens on property to the extent the liens impair exemptions to which the debtors otherwise would have been entitled under the federal exemptions or under applicable state law. 11 U.S.C. § 522(b)(1) authorizes states to "opt out" of the federal exemption scheme. Iowa has done so by virtue of Iowa Code section 627.10. Therefore, the court must turn to Iowa law to determine whether Glenn Clausen is a farmer for purposes of Iowa's exemption statute.

Iowa Code section 627.6(11) provides in part the following:

If the debtor is engaged in farming ... [the debtor may claim] any combination of the following, not to exceed a value of ten thousand dollars in the aggregate [exempt]:

a. Implements and equipment reasonably related to a normal farming operation. This exemption is in addition to

a motor vehicle held exempt under subsection 9.

. . . .

Iowa's exemption statute is based upon the premise "that it is better that the ordinary creditor's claims should remain partially unsatisfied than that a resident of the state should be placed in such an impecunious position that he and his family became charges of the state." Note, *Personal Property Exemptions in Iowa: An Analysis and Some Suggestions*, 36 Iowa L.Rev. 76, 77 (1950). The Iowa Supreme Court has ruled that the purpose of the exemption statute "is to secure to the unfortunate debtor the means to support himself and the family; the protection of the family being the main consideration." *Shepard v. Findley*, 214 N.W. 676, 678 (Iowa 1927).

In construing Iowa's exemption laws, the court is mindful of the well settled proposition that Iowa's exemption statute must be liberally construed. *Frudden Lumber Co. v. Clifton*, 183 N.W.2d 201, 203 (Iowa 1971). Yet, this court must be careful not to depart substantially from the express language of the exemption statute nor to extend the legislative grant. *Matter of Hahn*, 5 B.R. 242, 244 (Bankr.S.D.Iowa 1980), *citing Wertz v. Hale*, 234 N.W. 534 (Iowa 1931) and *Iowa Methodist Hospital v. Long*, 12 N.W.2d 171 (Iowa 1944).

This court has not found any case in which the Iowa Supreme Court determined whether an employee of a farm corporation is a farmer under Iowa's exemption statute. In the case of *In re Myers*, 56 B.R. 423 (Bankr.S.D.Iowa 1985), former Bankruptcy Judge Richard Stageman concluded that custom farmers were farmers under the statute. He reviewed Iowa Supreme Court decisions that had narrowly construed the tools of the trade exemption in both farm and non farm settings and determined that those opinions should be viewed as simply limiting what property could be claimed exempt. Judge Stageman pointed out that the tools of the trade exemption under consideration in the earlier decisions contained no dollar limit. The *Myers* decision does not specifically state whether the debtors utilized the machinery they claimed exempt in their custom farming work. However, courts examining lien avoidance questions in the context of the federal exemptions have ruled that debtors must show they use the tools being exempted. *Flick v. United States through Farmers Home Admin.*, 47 B.R. 440, 443 (W.D.Pa. 1985); *Matter of Decker*, 34 B.R. 640, 641 (Bankr.N.D.Ind.1983).

 SB & T contends that "engaged in farming" means being engaged in a farming operation owned or operated by the debtor. The fact that section 627.6(11) permits farm debtors to claim implements and equipment exempt suggests that the legislature intended "engaged in farming" to mean that a debtor must be engaged in farming activities that involve use of implements and equipment[1]. There is no question that Glenn is involved in farming activities. However the nature of his employment does not require that he supply his own equipment. The equipment he seeks to exempt has been in storage for over six years. The debtors' situation stands in sharp contrast to that of custom farmers who actually use their own equipment.

In the alternative, the debtors argue that their current employment should be viewed as a temporary cessation of farming. "In Iowa, a temporary cessation of farming does not defeat a claimed exemption if the debtor intends to return to farming." *Myers*, 56 B.R. at 426 citing *Pease v. Price*, 101 Iowa 57, 59, 69 N.W. 1120 (1897); *Hickman v. Cruise*, 72 Iowa 528, 529, 34 N.W. 316, 317 (1887); *Matter of Hahn*, 5 B.R. 242, 245 (Bankr.S.D.Iowa 1980). Great weight should be given to a debtor's statement of intention to resume farming.

---

1. It is important to note that the definition of farmer under 11 U.S.C. section 101 is not applicable to exemption and lien avoidance issues. *See In re LaFond*, 791 F.2d 623, 625–626 (8th Cir.1986); *Flick v. United States through Farmers Home Administration*, 47 B.R. 440, 442–443 (W.D.Pa.1985); *In re Schuette*, 58 B.R. 417, 420 (Bankr.D.Minn.1986); *Middleton v. Farmer State Bank of Fosston*, 45 B.R. 744, 747 (Bankr. D.Minn.1985); *Matter of Decker*, 34 B.R. 640, 641 (Bankr.N.D.Ind.1983). *But see, In re Holman*, 26 B.R. 110, 111–112 (Bankr.M.D.Tenn. 1983); *In re Liming*, 22 B.R. 740, 742 (Bankr.W. D.Okla.1982).

*In re LaFond,* 791 F.2d 623, 626 (8th Cir. 1986); *Myers,* 56 B.R. at 426.

Glenn stated at the first meeting of creditors that he intends to resume farming on his own within five to ten years. Assuming the debtor will resume farming on his own in five years, eleven years will have lapsed since he ceased farming. That time period stretches the notion of "temporary cessation" beyond reasonable limits. Although the debtors may be sincere in their intention to return to farming some day, the cessation of farming cannot be considered temporary.

### CONCLUSION AND ORDER

WHEREFORE, for the reasons expressed above, the debtors are not engaged in farming for purposes of Iowa Code section 627.6(11).

THEREFORE, SB & T's objection to exemption and objection to motion to avoid lien are sustained.

