**In re Dwight S. WATERS, Jr., Debtor.**

**Bankruptcy No. 481–00800.**

United States Bankruptcy Court,
N. D. Texas,
Fort Worth Division.

Aug. 11, 1982.

David Casey, Hurst, Tex., for debtor.

Conrad Kasselman, Jr., Fort Worth, Tex., for creditor.

Josephine Garrett, Interim Trustee.

## MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

This adversary proceeding was submitted to the Court on stipulated facts. Debtor filed his petition for relief under Chapter 7 and, in his attached schedule, claimed a pension and retirement plan as exempt. The § 341 meeting was held on January 8, 1982 and Ben A. Keith Co., a creditor, filed its objection to the exemption March 12, 1982.

In the initial procedural skirmish, Debtor moved to dismiss the creditor's objection contending it was not timely filed under Local Rule 4005. The Creditor answers the objection was timely filed under Bankruptcy Rule 403 which takes precedent over a local rule by virtue of Bankruptcy Rule 927. Bankruptcy Rule 403 requires the trustee to file a report on the debtor's exemptions and allows creditors to file objections to the trustee's report within fifteen days after it is filed unless an extension is granted. No trustee's report was filed and the creditor contends the fifteen day objection period has not yet begun. Debtor answers Rule 403 is no longer an enforceable rule.

■ Rule 403 was promulgated under the now repealed Bankruptcy Act of 1898 and provided a procedural framework for the duty imposed on the trustee by § 47(a)(6) to report on the bankrupt's exemptions. This report is not required by the new Code provisions concerning exemptions, § 522, or the duties of the trustee, § 704. Because the report is no longer required, Rule 403 procedure is inconsistent with the Code and no longer applicable. 11 U.S.C. § 405(d). In accord, *In re Darke*, 18 B.R. 510 (Bkrtcy. E.D.Mich.1982); *In re Tennant*, 15 B.R. 502 (Bkrtcy.N.D.Ind.1981); *In re Cunningham*, 5 B.R. 709 (Bkrtcy.D.Mass.1980); Comments to the Advisory Committee Notes on Rule 403; 3 Collier on Bankruptcy ¶ 522.02 (15th ed. 1982); 1 Norton Bankruptcy Law and Practice § 26.54 (1981).

■ Local Rule 4005 therefore controls and it provides, in pertinent part, "Any objection to a debtor's claim of exemptions shall be filed within fifteen days from the first date set for the meeting of creditors under 11 U.S.C. § 341 ... unless the court extends such time upon application made within the period." Debtor's § 341 meeting was held January 8th and the Creditor's March 12th objection obviously was not made within the fifteen day period. However, Debtor did not list Ben A. Keith Co. in his schedule of creditors and consequently, the Creditor never received notice of the § 341 meeting. Although a creditor clearly cannot be expected to comply with a time limitation when that creditor received no notice that the time period began, the Creditor in this case had actual knowledge the bankruptcy had been filed. In response to a demand letter, Debtor sent a letter on December 21, 1981 to the Creditor's attorney advising the Creditor of the date the petition was filed, the court in which it was filed and the bankruptcy case number.

■ Actual knowledge of the bankruptcy obligates the Creditor to investigate the matter further. This is analogous to the situation in which a creditor has actual knowledge but no formal notice that the petition has been filed and acts in violation of the automatic stay imposed by 11 U.S.C. § 362. That creditor can be cited for contempt for his actions. See *In re Wariner*, 16 B.R. 216 (Bkrtcy.N.D.Tex.1981) and *In re Eisenberg*, 7 B.R. 683 (Bkrtcy.E.D.N.Y. 1980). He is not permitted to ignore the situation simply because no formal notice has been received.

The Creditor had the information needed to contact the Court and determine what steps were necessary to protect its rights. If it had acted promptly, it could have easily attended the January 8th § 341 meeting. It had 15 days after that date to make any objections to exemptions. In short, the Creditor had approximately one month to take some type of action to protect itself and it did not. Therefore, I find the Creditor's objection to the exemption was not timely filed and that Debtor may retain his retirement and pension plan as exempt property.

The result in this case is unfortunate because Debtor's pension plan valued at $16,000.00 would be included as property of the estate and is not exempt under any of the Texas exemption provisions. See *In re Howerton*, 21 B.R. 621 (N.D.Tex.1982); *In re Threewitt*, 20 B.R. 434 (Bkrtcy.D.Kan. 1982); *In re Iler*, 18 B.R. 855 (Bkrtcy.D. Tenn.1982); *In re Ross*, 18 B.R. 364 (N.D.N. Y.1982); and Vernon's Ann.Civ.St.Art. 3836(a). However, the need for efficiency in case administration and the debtor's need for a prompt determination of his right to exempt property outweigh the equitable rights of a creditor who has been reticent about protecting its position. To permit the Creditor to proceed solely because of the strength of its position would create an exception to the Rule that requires the court to review each late filed objection to determine its merit. Such an exception would almost totally erode Rule 4005.