**In re Jeannine Theresa VIGIL, Debtor.**

**Bankruptcy No. 81 B 01886 Mc.**

United States Bankruptcy Court,
D. Colorado.

Sept. 20, 1982.

Joseph Genova, Pueblo, Colo., trustee.

James Croshal, Pueblo, Colo., for debtor.

---

MINUTES OF HEARING, FINDINGS, CONCLUSIONS AND ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

JOHN F. McGRATH, Bankruptcy Judge.

The Chapter 7 petition in bankruptcy was filed on April 20, 1981. Prior to the petition, on March 31, 1981, the Debtor had closed the doors to her business. At the time of filing the Debtor was not using the inventory to create income for herself in any way. Schedule B–4 set forth inventory exemptions pursuant to 11 U.S.C. §§ 522(d)(1), (5) and (6) in the amount of $5,650.00. The notice of the meeting of creditors stated that objections to the Debtor's claim of exempt property must be filed within 15 days of the section 341(a) meeting set for May 26, 1981.

The Debtor filed an amended Schedule B–4 on June 29, 1981, reducing the amount claimed for inventory to $750.00 pursuant to section 522(d)(6) only. The file does not reflect an objection to exempt property until July 8, 1982. This was approximately thirteen and one half months after the section 341 meeting. The Trustee held a sale of the inventory at auction which brought in $10,551.50, the sole assets in this case.

The Court, consequently, is faced with a dilemma. First, the claimed exemption is obviously invalid because the reason for an exemption in inventory is to allow a debtor in business to obtain a "fresh start," and to allow it in this case would be to give the Debtor a windfall. Second, any objections to the Debtor's claim of exemptions should be reasonably and timely filed.

The notice sent by the United States Trustee to all creditors informing them of the fact that a certain person has filed for bankruptcy and setting forth, among other things, the time and place of the section 341(a) meeting contains the following provision: "Unless the Court extends the time, objections to the debtor's claim of exempt property (Schedule B–4) must be filed within fifteen (15) days after the above date set for the meeting of creditors." This notice from the Trustee is merely a form notice which sets forth a convenient date for filing of objections to exemptions and consequent hearings on any objections. It does not have the authority of an Order of Court.

Bankruptcy Rule 403, which is undoubtedly the rule upon which the Trustee bases the time frame, does not apply. Bankrupt-

cy Rules in effect at the time that the Bankruptcy Reform Act of 1978 was enacted apply only if not inconsistentent with the Code. Section 522(d)(1) of the Code does not establish any time limitation for the filing of objections to exempt property. It merely states that unless a party objects, the property claimed as exempt is, in fact, exempt. Bankruptcy Rule 403(b) mandated that the trustee file a report of exempt property not later than 15 days after he or she qualified setting forth any objections he or she had. In a comment following the rules in the *Collier Pamphlet Edition* the author states that the requirement for the report has been abolished by the Code. (Part 2, 1979, at 153)

The Court has loosely referred to the exemption contained in 11 U.S.C. § 522(d)(6) as "inventory." However, the exact wording of the exemption is as follows: "The debtor's aggregate interest, not to exceed $750 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor." The word inventory is not actually used. Technically this inventory is not tools of the trade since at the time of filing, the Debtor had no trade.

The only consideration, therefore, is whether or not this objection, coming as late as it did, prejudices the Debtor in any way. The Court cannot see any prejudice, nor was there any testimony showing any prejudice to the Debtor, due to the fact that she had closed the doors to her business 20 days prior to filing the case and therefore the inventory was no longer tools of her trade. Allowing an inventory exemption would not only be a windfall for her, but it would also mean that this money would not be distributed to her general creditors.

Wherefore, IT IS ORDERED that the Trustee's Objection to the Debtor's Claim of Exemption pursuant to 11 U.S.C. § 522(d)(6) in the amount of $750.00 be and the same is hereby sustained.