In re DIVCO PHILADELPHIA SALES CORPORATION, Trading as Penn Franklin Oil Company and as Harrisburg Truck Center, Debtor.

Bankruptcy No. 82–00187G.

United States Bankruptcy Court,
E.D. Pennsylvania.

May 2, 1986.
Reconsideration Denied
Aug. 8, 1986.

·Donald M. Collins, David C. Corujo, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for Trustee, Fred Zimmerman.

Virginia Powel, Asst. U.S. Atty., Philadelphia, Pa., for claimant, Pension Benefit Guar. Corp.

Valerie R. Dinkins, Pension Benefit Guar. Corp., Washington, D.C.

Fred Zimmerman, Pennsauken, N.J., Trustee.

Leon S. Forman, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for debtor, Divco Philadelphia Sales Corp., t/a Penn Franklin Oil Co. and as Harrisburg Truck Center.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The parties have couched the issue in this case as whether the Pension Benefit Guaranty Corporation ("the Pension Fund"), which is a U.S. Government instrumentality, received actual notice of the bar date for filing claims in order to file a timely proof of claim on a non-tax debt. We resolve the dispute on the basis that no notice of the deadline for filing claims was sent to the United States Attorney as is required under Bankruptcy Rule 2002(j) and therefore conclude that the claim was timely filed.

The facts of this case are as follows:[1] Several years ago the debtor filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code"), and we duly appointed a trustee to administer the case. Notice of the bankruptcy was sent to creditors informing them that it appeared that no assets would be available for prepetition creditors and, hence, the filing of proofs of claim was unnecessary. Subsequent developments proved otherwise and the clerk of the bankruptcy court so notified creditors on October 21, 1983, also informing them that the bar date for filing proofs of claim was January 21, 1983. The mailing list from which notice was sent contained the name of the creditor at issue, the Pension Fund, but no notice was sent to the United States Attorney for this district. The Pension Fund filed a proof of claim and several amendments thereto *after* the bar date.

The obligation to the Pension Fund is not a debt for taxes and, as stated above, the Pension Fund is a United States instrumentality. The indebtedness at issue arises under the debtor's termination of an employee pension plan guaranteed by the federal government.

The trustee objected to the claim of the Pension Fund on the ground that the filing of the claim was untimely. The trustee predicates his argument on the principle that a timely and accurate mailing raises a presumption that the mail was received.[2] The Pension Fund contends that it overcomes this presumption on the basis that it carefully logs, summarizes, indexes and routes all incoming mail. Neither side has raised the authority of Bankruptcy Rule 2002(j).

The dispute under consideration is limited solely to the issue of timeliness. We reserve for later adjudication any challenges to the merits of the claim of Pension Fund.

The Pension Fund is a wholly-owned United States Government corporation created under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), which guarantees the payment of certain pension benefits upon termination of a pension plan to which Title IV applies. 29 U.S.C. §§ 1302, 1322. In the event of the termination of such a plan, it determines whether the pension plan has sufficient assets to pay all the nonforfeitable benefits guaranteed under the plan. If there are insufficient funds in a covered plan to pay all the guaranteed benefits, the Pension Fund will pay the benefits. 29 U.S.C. § 1361. In order to finance the guaranteed benefit payments, the Pension Fund collects insurance premiums from ongoing covered pension plans. 29 U.S.C. §§ 1306-07. In addition, the employer-sponsor that terminates a plan with insufficient funds incurs liability to the Pension Fund and must reimburse it for the insuffi-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. *Hagner v. United States,* 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *United States v. Cresta (In Re Cresta),* 40 B.R. 953 (Bankr.E.D.Pa.1984).

ciency in an amount up to thirty percent of the employer's net worth. 29 U.S.C. § 1362. In light of the contours of the systems established by the ERISA statute, we found above that the obligation in question is not in the nature of a tax debt.

As to the deadline for filing proofs of claim, the Bankruptcy Rules provide that:

### Rule 2002
### NOTICES TO CREDITORS, EQUITY SECURITY HOLDERS, AND UNITED STATES

(a) Twenty-day Notices to Parties in Interest. Except as provided in subdivisions (h), (i) and (k) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 20 days notice by mail of

\* \* \* \* \* \*

(8) the time fixed for filing proofs of claims pursuant to Rule 3003(c).

Bankruptcy Rule 2002(a). Bankruptcy Rule 2002(j) provides further authority governing the dissemination of notice to the United States:

(j) Notices to the United States. *Copies of notices required to be mailed to all creditors under this rule shall be mailed* (1) in a chapter 11 reorganization case to the Securities and Exchange Commission at Washington, D.C., and at any other place the Commission designates in writing filed with the court if the Commission has filed a notice of appearance in the case or has made a request in writing filed with the court; (2) in a commodity broker case, to the Commodity Futures Trading Commission at Washington, D.C.; (3) in a chapter 11 case to the District Director if Internal Revenue for the district in which the case is pending; *(4) if the papers in the case disclose a debt to the United States other than for taxes, to the United States attorney for the district in which the case is pending and to the department, agency, or instrumentality of the United States through which the debtor became indebted;* or if the filed papers disclose a stock interest of the United States, to the Secretary of the Treasury at Washington, D.C.

Bankruptcy Rule 2000(j) (emphasis added). As clearly expressed in Rule 2002(j)(4), on a non-tax debt owed to the United States, notices must be sent to the "department, agency, or instrumentality of the United States through which the debtor became indebted" *and* "to the United States attorney for the district in which the case is pending...." *United States v. Kennedy (In re H. & C. Table Co., Inc.),* 457 F.Supp. 858 (Bankr.W.D.Tenn.1978) (construing former Bankruptcy Rule 203(q), which is the precursor of Bankruptcy Rule 2002(j)).

In the case at bench notice was arguably sent to the Pension Fund but not to the United States Attorney. Consequently, the notice was defective and the bar date for filing claims did not bind the Pension Fund. We will accordingly overrule the trustee's objection to the timeliness of the claim of the Pension Fund.