**In re Vaughn Lee FISHER, Jr., Debtors.**

**Bankruptcy No. 1–83–00614.**

United States Bankruptcy Court, W.D. Kentucky.

Aug. 11, 1986.

Scott A. Bachert, Bowling Green, Ky., for creditor, O.J. Tretter.

Ronald J. Bamberger, Owensboro, Ky., for debtor.

Henry H. Dickinson, Glasgow, Ky., trustee.

MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on the objection of the creditor, O.J. Tretter, to certain exemptions claimed by the debtor, Dr. V.L. Fisher. By Order entered March 4, 1986, the parties agreed to submit this issue on written memoranda, which memoranda are now of record.

The debtor filed his petition for relief on December 30, 1983. He claimed as exempt the following interests in dispute in this case: (1) an IRA with a face value of $1,186.05; (2) Keogh Plan, with a face value of $6,000.00; and (3) Profit Sharing Plan and Trust, with a face value of $93,386.81, subject to setoff of $31,500.00 for a loan to debtor, for a balance of $61,886.81, thus making the total net value of the funds $69,072.86. The creditor, O.J. Tretter, was joined as creditor by amendment to the petition on February 9, 1984. The meeting of creditors was held February 3, 1984. Tretter's objection is dated-mailed on March 8, 1984, but is marked filed with the Court on March 14, 1984.

The creditor objects to the exemptions on the basis that they are not reasonably necessary for the debtor's support as required by K.R.S. 427.150. The debtor responds by arguing that: (1) the creditor's objection was not timely filed pursuant to Bankruptcy Rule 4003(b) and that required notice was not given; and (2) that the debtor's interest in his Keogh Plan, Pension and Profit Sharing Plan, and IRA are reasonably necessary for his support and are thus exempt pursuant to K.R.S. 427.150.

We address first the procedural objection that this objection to the exemptions was not filed within the time required by Bankruptcy Rule 4003(b). Rule 4003(b) outlines the manner of objecting to claims of exemptions and states:

The trustee or any creditor may file objections to the list of property claimed as exempt within thirty days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period further time is granted by the Court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and his attorney.

■ Tretter was not given notice of this action until joined as a party by amendment to the petition filed on February 9, 1984, after the first meeting of creditors held on February 3, 1984. Therefore, the objection was filed within 34 days after the first meeting of creditors and within 30 days after the creditor received notice of the action. The Rule provides that objections should be filed within thirty days after the meeting of creditors or the filing of any amendment to the list. The debtor argues that this language indicates that this extends the time when an amendment adding property is filed and then only to the extent of the added property. The Court believes that this language indicates that the purpose of the Rule is that creditors receive actual notice of the filing and claimed exemptions. It was through the debtor's own oversight that this creditor was not given prior notice of the bankruptcy. "A creditor clearly cannot be expected to comply with a time limitation when that creditor received no notice that the time period began." *In re Waters*, 22 B.R. 387, 388 (Bankr.N.D.Tx.1982). Additionally, we can find no prejudice to the debtor by the filing of this objection only *four* days after the time period had run. *See In re Starns*, 52 B.R. 405 (Bankr.S.D.Tx.1985); *In re Vigil*, 23 B.R. 172 (Bankr.D.Colo.1982). We are convinced that although the filing did not comply with the letter of the procedure, it did meet procedural concerns. *See Matter of Grosslight*, 757 F.2d 773, 777 (6th Cir.1985).

We are aware of the Sixth Circuit case of *Matter of Dembs*, 757 F.2d 777 (6th Cir. 1985), construing Rule 4003(b). We believe *Dembs* is distinguishable from the instant case in that there was no question in *Dembs* of lack of notice to the creditor. Further, we note that *Dembs* holds that there can be no postdischarge efforts to

reach exempted property. 757 F.2d at 781. Here, the creditor's objection was filed prior to the discharge hearing on April 25, 1984.

■ Further, we find that debtor's argument that the objection must be mailed to both the debtor and his attorney, to be without merit. Service on the debtor's attorney was obviously sufficient to give the debtor notice of the objections. Rule 4003(b) states that copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and his attorney. Reading this language literally and carried to the extreme, one could conclude that "the person filing the list" means someone from the attorney's office who *physically* filed the same. We decline to read the Rule so literally as to mandatorily require service on both the debtor and his attorney.

Accordingly, the debtor's motion that the objection was not timely filed and that the required notice was not given pursuant to Bankruptcy Rule 4003(b), is overruled.

Next we turn to the issue of whether the debtor's interest in his Keogh Plan, Pension and Profit Sharing Plan, and IRA are reasonably necessary for his support and that of his dependents and thus are exempt pursuant to K.R.S. 427.150. That statute provides:

(1) An individual is entitled to exemption of the following property to the extent reasonably necessary for the support of him and his dependents in addition to property totally exempt under subsection (2) of this section:

(b) ... assets held, payments made, and amounts payable under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract, providing benefits by reason of age, illness, disability, or length of service....

■ Neither party has raised the issue that any of these three plans or account are not included under the statute. Following *In re Worthington*, 28 B.R. 736 (Bankr.W.D.Ky.1983), which held that an IRA account was exempt, we find that the plans and account in this case are included under K.R.S. 427.150.

■ The disputed issue is whether the entire cash values of these funds are reasonably necessary for the support of the debtor and his dependents. First, the Court notes that the objecting party has the burden of proving that the exemptions are not properly claimed. Bankruptcy Rule 4003(c). Tretter has the burden of proving that the amount claimed exempt (cash value—$69,072.86) is not reasonably necessary for the support of the debtor and his dependents upon his retirement, illness or disability. Secondly, exemption statutes are entitled to a construction liberal to the debtor. *In re Worthington, supra* at 739; *Doethloff v. Penn Mutual Life Insurance Co.*, 117 F.2d 582 (6th Cir.1941).

The facts show that the debtor was a 58 year old orthopedic surgeon at the date of filing; he is now 61 years of age. The statement of affairs discloses that Dr. Fisher earned from his professional service corporation in the two years preceding his petition, $437,500.00 (1981), and approximately $564,000.00 (1982). Additionally, Dr. Fisher had outside income from his racehorse investments, rents, royalties, and interest of $74,239.00 in 1982, and $49,-300.00 in 1981.

■ To determine if the reasonably necessary test has been met, the court must examine all of the facts and circumstances including the debtor's age, earning capacity, present and future financial needs, ability to insure against future disruptions in earning capacity, and his ability to reestablish a retirement fund. *In re Kochell*, 732 F.2d 564 (7th Cir.1984). In this case, at age 61, the debtor in all probability does not have but a few more years to practice medicine. While we recognize that his apparent earning capacity is good, at his age, his ability to reestablish a retirement fund is not great. Also, we must consider that this physician is in bankruptcy after over twenty-five years of practice.

The debtor's attorney poses numerous questions that could be considered in deter-

mining what is reasonably necessary (i.e., How long must the needs of the debtor and his dependents be anticipated? Do we consider the period of time after the debtor's death in which his dependents need support? Do we consider what the cost of living will be at retirement or now? Do we consider the value of the funds now or at contemplated retirement?) Obviously, to attempt to answer all of these questions would require the Court to speculate about unforeseen events and contingencies in the future. We decline to attempt such a Herculean task. Our task is to attempt to interpret the purpose of the exemption statute, which we believe is to afford certain protection to debtors upon their retirement or disability. The purpose of exemptions is "... to provide sufficient assets to enable the debtor to make a fresh start in accumulating post-bankruptcy wealth for future support". Dicken, *Is an IRA Exempt Property Under the Kentucky Exemption Statute K.R.S. Section 427.-150(1)(b)?*, 73 Ky.L.J. 1127 (1984–1985); *See also In re Hahn,* 5 B.R. 242, 244 (Bankr.S.D.Iowa 1980).

▆ Considering all of the facts of this case, the Court finds that Tretter has failed to meet its burden of proof in demonstrating that the amount claimed as exempt is not reasonably necessary for the support of the debtor and his dependents upon his retirement or disability.

The above constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052. A separate Order will be entered this date.