**In re LARRY MERRITT COMPANY, a/k/a Merritt Moving and Storage Company, a/k/a A–1 Merritt Moving and Storage Company, a/k/a Edelen Transfer and Storage Company, Debtor.**

**In re EDELEN TRANSFER AND STORAGE COMPANY,** **Debtor.**

**Bankruptcy Nos. 90–32633, 90–32599.**

United States Bankruptcy Court, E.D. Tennessee.

Dec. 15, 1993.

Carl K. Kirkpatrick, U.S. Atty., Knoxville, TN, Stephen P. Kranz, U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S. and its agency, the I.R.S.

## MEMORANDUM ON TRUSTEE'S OBJECTION TO CLAIM FILED BY INTERNAL REVENUE SERVICE

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The trustee in these consolidated Chapter 7 cases, N. David Roberts, Jr., objects to the allowance of a proof of claim filed by the Internal Revenue Service (IRS) in the amount of $42,134.44. The trustee contends that, because the IRS filed its claim after the bar date, it should be entitled to payment only after payment of all other allowed unsecured claims pursuant to Bankruptcy Code § 726(a)(3). Conversely, the IRS argues that to the extent its claim is a priority claim under Code § 507(a)(7), it is entitled to payment within the first level of distribution required under § 726(a)(1).[1] If the IRS claim is entitled to payment under § 726(a)(1), the trustee will have no funds left to pay to unsecured nonpriority creditors whose timely-filed claims are entitled to payment under § 726(a)(2).

All facts and documents essential to a resolution of the issues before the court are stipulated by the parties in a "Joint Stipulation Of Facts And Exhibits" filed on September 30, 1993.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(B) (West 1993).

Frantz, McConnell & Seymour, N. David Roberts, Jr., Knoxville, TN, for N. David Roberts, Jr., Trustee.

### I

An involuntary petition was filed against Edelen Transfer and Storage Company on

1. Code § 726(a) provides in material part:

[P]roperty of the estate shall be distributed—
(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;
(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—
  (A) timely filed under section 501(a) of this title;
  (B) timely filed under section 501(b) or 501(c) of this title; or
  (C) tardily filed under section 501(a) of this title, if—
  (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
  (ii) proof of such claim is filed in time to permit payment of such claim;
(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title other than a claim of the kind specified in paragraph (2)(C) of this subsection[.]
11 U.S.C.A. § 726(a) (West 1993).

July 2, 1990. An order for relief was entered under Chapter 7 on July 26, 1990, and N. David Roberts, Jr., was appointed trustee. No statements or schedules were filed and creditors, accordingly, did not receive notice of the pendency of this case or of the setting of any creditors' meeting or claims bar date.

Three days later, on July 5, 1990, the Larry Merritt Company, a Tennessee Corporation, filed a voluntary petition under Chapter 7.[2] The debtor filed with this petition the required statements and schedules together with a master address list of creditors. On July 12, 1990, N. David Roberts, Jr., was also appointed trustee in this case.

The debtor listed the IRS and the United States Attorney in Schedule A–1 to its petition as a priority creditor as follows:

Internal Revenue Service

Special Procedures

P.O. Box 1107

Nashville, TN 37202

John Gill, United States Attorney

Ste. 700, Plaza Tower

Knoxville, TN 37929

941/940 Taxes $25,000.00

Although the master address list filed by the debtor contained the proper address of the IRS as listed above, it contained an incomplete address for the United States Attorney:

U.S. Attorney

P.O. Building

Knoxville, TN 37901

The clerk mailed the notice for the meeting of creditors to parties in interest in the Larry Merritt Company case, including the IRS, on July 10, 1990. The mailing certificate shows that the notice was sent to the IRS and United States Attorney at the addresses contained in the debtor's master address list.

The July 10, 1990 notice provided creditors with notice that the creditors meeting would be held on August 14, 1990, and that the last date to file a proof of claim was November 13, 1990. No representative of the IRS appeared at the creditors meeting nor did the IRS timely file a claim. On August 24, 1990, upon motion of the United States Trustee, the cases of Larry Merritt Company and Edelen Transfer And Storage Company were consolidated.

The debtor did not file with the IRS its 1989 and 1990 Form 940, Employer's Annual Federal Unemployment Tax Returns, or Form 941, Employer's Quarterly Federal Tax Returns, until January 14, 1991. Prior to receipt of the returns, the IRS tax examiner assigned to the debtor's bankruptcy case was under the mistaken belief that the balance of taxes owed by the debtor was below the IRS' internal criteria for filing a proof of claim. The IRS filed its proof of claim, designated as Claim No. 37, on April 5, 1991, almost five months after expiration of the November 13, 1990 claims bar date. By its claim, the IRS asserts a priority claim against the debtor under 11 U.S.C.A. § 507(a)(7) (West 1993) for payroll taxes in the amount of $32,150.40 and a general nonpriority unsecured tax penalty claim in the amount of $9,984.04.[3] The entire claim is grounded upon the unpaid prepetition payroll taxes owed by the debtor for 1989 and 1990.

---

2. The petition was filed in the name of Larry Merritt Company, a/k/a Larry Merritt Moving And Storage Company, a/k/a A–1 Merritt Moving And Storage Company, a/k/a Edelen Transfer And Storage Company. Although not part of the record in this contested proceeding, evidence introduced in an unrelated proceeding establishes that Edelen Transfer and Storage Company and Larry Merritt Company are, in fact, a single entity. This entity, originally chartered under the name of Edelen Transfer and Storage Company, formally changed its corporate name to Larry Merritt Company during the mid–1980's. Accordingly, as there is, in fact, but one debtor, all references in this Memorandum to "the debtor" are to Larry Merritt Company.

3. The trustee's contention that the IRS claim should be subordinated in payment pursuant to § 726(a)(3) would not apply to the penalty. This portion of the claim would appear to be subordinated, whether or not the claim is timely filed, to the fourth level of distribution required under § 726(a)(4), which provides for "payment of any allowed claim ... for any ... penalty ... to the extent that such ... penalty ... [is] not compensation for actual pecuniary loss suffered by the holder of such claim." 11 U.S.C.A. § 726(a)(4) (West 1993).

## II

Relying on two Sixth Circuit decisions, *IRS v. Century Boat Co. (In re Century Boat Co.),* 986 F.2d 154 (1993), and *United States v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087 (1990), the IRS contends that the priority portion of its late-filed claim should be paid in the first level of distribution under § 726(a)(1).

The debtors in both *Century Boat* and *Cardinal Mine Supply* failed to schedule the IRS as a creditor and the IRS failed to receive notice of the bankruptcy filings until approximately two years after expiration of the bar dates for filing claims.[4] The Sixth Circuit held that the IRS was nonetheless entitled to receive distribution of its priority claims under § 726(a)(1) rather than under § 726(a)(2) or (3).[5]

In *Century Boat,* the court noted that, had the IRS received notice and timely filed its proof of claim, the claim would have been entitled to priority of payment under § 507(a)(7) and the IRS would have received distribution under § 726(a)(1). Citing its earlier *Cardinal Mine Supply* decision, the court concluded that "section 726(a)(1), concerning distribution of priority claims, makes no distinction between priority claims which are filed late and those which are filed in a timely manner." 986 F.2d at 157. Further, the court stated that "[w]here ... the reason for late filing of a priority claim is the failure to give the creditor notice, it should be treated the same as timely filed priority claims

entitled to distribution under section 726(a)." 986 F.2d at 158 (*quoting Cardinal Mine Supply,* 916 F.2d at 1092).

In *Century Boat,* the Sixth Circuit emphasized that *Cardinal Mine Supply* established a "narrow exception" to the distribution scheme required by § 726(a) affecting priority creditors "who lack notice of the bankruptcy." 986 F.2d at 158. The court noted that not every priority creditor lacking notice whose claim is tardily filed can invoke the holding of *Cardinal Mine Supply.* The court held that "[a]t a minimum, the creditor must file its proof of claim before the trustee makes any distribution from the estate and before the bankruptcy court closes the estate"; that "the creditor may not receive priority distribution under *Cardinal Mine Supply* if the court finds evidence of bad faith on the part of the creditor or undue prejudice to other creditors [or] other factors ... warrant equitable subordination of the priority claim." *Id.*

### ADEQUATE NOTICE

■ The IRS contends it did not receive adequate notice of the commencement of the debtor's bankruptcy case. It argues that the Local Rules of this court mandate that all notices required to be sent to the IRS must also be sent to the United States Attorney. Specifically, the IRS relies on Rules 2 and 3 of the Local Rules Of Practice And Procedure For The United States Bankruptcy Court For The Eastern District Of Tennessee.[6]

---

4. The only distinguishing characteristic between *Cardinal Mine Supply* and *Century Boat* is that in the former case the IRS filed its claim ten days after it learned of the bankruptcy and in the later case its claim was filed almost two years after it learned of the bankruptcy. The bankruptcy court in *Century Boat,* in sustaining the trustee's objection to the IRS claim, construed *Cardinal Mine Supply* to require prompt filing of a proof of claim once the creditor receives notice of the bankruptcy. The Sixth Circuit reversed the district court's affirmation of the bankruptcy court's decision.

5. Distribution of the IRS claims under § 726(a)(3) was not a concern of the Sixth Circuit in either *Century Boat* or *Cardinal Mine Supply.* Rather, as the IRS did not receive notice of either bankruptcy case, the issue addressed by the court was whether § 726(a)(2)(C) required the IRS to accept payment of its tardily-

filed priority claims on a parity with timely-filed nonpriority claims entitled to payment under § 726(a)(2)(A) and (B).

6. Local Rules 2 and 3 provide in material part:

Rule 2—Master Address List

A petition initiating a bankruptcy case shall be accompanied by a separate unattached master address list containing the name, address, and zip code of the debtor, the attorney of record for the debtor, and all creditors and parties in interest who are to be notified of the case as required by the Bankruptcy Code and the Bankruptcy Rules. The list shall include the address of the appropriate offices of the Internal Revenue Service and the addresses of parties to be notified under Rule 2002(j).... The master address list will be treated as the list of creditors required by Bankruptcy Rule 1007(a).

The Local Rules provide that the master address list provided by the debtor is required to contain the address of the IRS and the addresses of parties who are entitled to notice under Fed.R.Bankr.P. 2002(j), including the United States Attorney for the Eastern District of Tennessee.[7] It is undisputed that the master address list in the instant case accurately set forth the address of the IRS and that the IRS received timely notice of the bankruptcy case. It is also undisputed that the master address list contained an incomplete and, therefore, insufficient address for the United States Attorney.

The IRS argues that in the absence of notice to the United States Attorney it had no notice of the filing of the debtor's Chapter 7 petition. Consequently, it contends that the holdings of the Sixth Circuit in *Century Boat* and *Cardinal Mine Supply* require that its claim in the amount of $32,150.40 be allowed and paid as a priority claim under Code §§ 507(a)(7) and 726(a)(1).

This argument is without merit. Bankruptcy Rule 2002(j)(3) requires that the IRS receive all notices in a Chapter 11 case, whether or not there are tax claims involved in the case. Bankruptcy Rule 2002(j)(4) requires notice if the "papers in the case" reflect "a debt to the United States *other than for taxes*" (emphasis added). Fed. R.Bankr.P. 2002(j)(4). Under Rule 2002(j)(4), service of the notice must be sent to both "the United States Attorney for the district in which the case is pending and to the department, agency or instrumentality of the United States through which the debtor became indebted...." *Id.*

■ Failure to provide notice both to the United States Attorney and to the affected governmental entity when required by Rule 2002(j)(4) is fatally defective. *See In re Interstate Cigar Co.,* 150 B.R. 305, 309 (Bankr.

E.D.N.Y.1993) ("Bankruptcy Rule 2002(j)[ (4) ] clearly requires that notices of bar dates to governmental departments, agencies or instrumentalities be sent to the entity in question and the U.S. Attorney located in the relevant district"); *In re Divco Philadelphia Sales Corp.,* 60 B.R. 323 (Bankr.E.D.Pa.1986) (Notice to the Pension Benefit Guaranty Corporation was defective and the bar date for filing claims did not bind the pension fund when notice was not also sent to the United States Attorney as required by Bankruptcy Rule 2002(j)(4)).

■ The IRS misconstrues Bankruptcy Rule 2002(j) and Local Rules 2 and 3. Local Rules 2 and 3 do not expand the requirements of Rule 2002(j). If the debtor owes only taxes, the United States Attorney need not receive notice; then, only the IRS is required to receive notice. *See In re Hejl,* 85 B.R. 399, 400 (Bankr.W.D.Tex.1988).

Because the debtor in the instant case owed only taxes to the IRS, notice to the United States Attorney was not required. Accordingly, failure of the United States Attorney to receive notice of the November 13, 1990 bar date for filing claims did not make the notice to the IRS defective. The court therefore finds that the "narrow exception" carved out by the Sixth Circuit in *Cardinal Mine Supply* and *Century Boat* for priority creditors who lack notice of the bankruptcy case has no application to the instant proceeding. The IRS timely received notice of the November 13, 1990 claims bar date.

## EFFECT OF DEBTOR'S FAILURE TO TIMELY FILE TAX RETURNS

■ The IRS further contends that the debtor's failure to timely file the required 1989 and 1990 tax returns serves to automat-

Rule 3
Additional Notices to U.S. Attorneys for this District
  (a) Copies of all notices required by Bankruptcy Rule 2002(j) shall be sent to the United States Attorney for the Eastern District of Tennessee.

7. *Bankruptcy Rule 2002(j) provides in material part:*
  **(j) NOTICES TO THE UNITED STATES.** Copies of Notices required to be mailed to all

creditors under this rule shall be mailed ... (3) in a chapter 11 case to the District Director of Internal Revenue for the district in which the case is pending; (4) if the papers in the case disclose a debt to the United States *other than for taxes*, to the United States attorney for the district in which the case is pending and to the department, agency, or instrumentality of the United States through which the debtor became indebted....
Fed.R.Bankr.P. 2002(j) (emphasis added).

ically extend the claims bar date to permit allowance of its priority claim as timely filed.

Bankruptcy Rule 3002(c) governs the time for filing a proof of claim in a Chapter 7 case. That Rule provides for an extension of the ninety-day claims bar date for six specific reasons, including, for cause, upon motion of the IRS filed before expiration of the ninety-day period.[8] Bankruptcy Rule 9006(b)(3) states that enlargement of the ninety-day time period established by Rule 3002(c) may occur only to the extent and under the conditions permitted by Rule 3002(c).[9] One of the conditions under Rule 3002(c)(1) is that the request for extension of the ninety-day period be made by the IRS "before the expiration of such period." This court simply has no discretion to treat the IRS claim in the instant proceeding as timely filed when the IRS received notice and no extension was requested prior to expiration of the November 13, 1990 claims bar date. *See Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206–07, 108 S.Ct. 963, 969, 99 L.Ed.2d 169 (1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code.") *See also Ray v. City Bank & Trust Co. (In re C–L Cartage Co.)*, 899 F.2d 1490, 1494 (6th Cir.1990) ("Bankruptcy courts . . . cannot use equitable principles to disregard unambiguous statutory language.").

This result cannot be considered harsh to the IRS. With notice of the bankruptcy case, it made a conscious decision not to timely file a claim even though the debtor was indebted to it. The debtor's schedules, had they been reviewed, clearly evidenced a substantial liability for the 1989 and 1990 payroll taxes.

The IRS is a sophisticated party in bankruptcy cases. It is not unusual for a debtor to be delinquent in the filing of tax returns upon the commencement of a bankruptcy case. Within this district, the IRS regularly files estimated tax claims on a timely basis which it thereafter amends when the debtor's tax liability is finally determined. As stated by Justice Thomas in *Taylor v. Freeland & Kronz*, — U.S. —, —, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992), "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." Given the fact that the IRS had notice of the debtor's bankruptcy case and that it is accorded a right under Bankruptcy Rule 3002(c) to request an extension of the ninety-day claims bar date, it cannot complain.

### III

The IRS relies on other authority in support of its contention that its claim should be allowed and paid as a priority claim. As the court believes that the "narrow exception" carved out by the Sixth Circuit in *Century Boat* for construing *Cardinal Mine Supply* is dispositive of the trustee's objection, it need not address these other issues.

This Memorandum constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052. An order will be entered sustaining the trustee's objection and allowing the IRS claim, as to the debtor's liability for Forms 940 and 941 taxes for 1989 and 1990, as tardily filed under § 726(a)(3) in the amount of $32,150.40. The penalty por-

---

8. Rule 3002(c) provides in material part:

> In a chapter 7 liquidation . . . a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows: (1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.

Fed.R.Bankr.P. 3002.

9. Rule 9006(b) provides in material part:

> (1) *IN GENERAL.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by the order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
>
> . . . .
>
> (3) *ENLARGEMENT LIMITED.* The court may enlarge the time for taking action under Rule[ ] . . . 3002(c) . . . only to the extent and under the conditions stated in . . . [that] rule[ ].

Fed.R.Bankr.P. 9006(b).

tion of the claim, $9,984.04, will be allowed under § 726(a)(4).