**In re Ted C. MAUSSER, Deb F. Mausser, Debtors.**

**Bankruptcy No. 98–01548–D.**

United States Bankruptcy Court, N.D. Iowa.

Sept. 30, 1998.

Brian Peters, Dubuque, IA, for Debtors.

Martin McLaughlin, Cedar Rapids, IA, for Asst. U.S. Atty. on behalf of FSA.

### ORDER RE OBJECTION
### TO EXEMPTION

PAUL J. KILBURG, Bankruptcy Judge.

On September 10, 1998, the above-captioned matter came on for hearing on objections to exemptions filed by FSA. Debtor Deb F. Mausser appeared with Debtors' attorney, Brian Peters. Debtor Ted C. Mausser did not appear. FSA was represented by Assistant U.S. Attorney Martin McLaughlin. After the presentation of evidence and oral argument, the matter was taken under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### FACTS

Debtors filed their Chapter 7 petition on May 22, 1998. In Schedule D (Creditors Holding Secured Claims), FSA is listed as a secured creditor with a stated claim of $18,-802.92. FSA was provided notice of the filing of the bankruptcy petition. Debtors,

however, failed to list the U.S. Attorney on the matrix or in subsequent pleadings. The U.S. Attorney's office asserts that it did not receive timely notice in this case and that this is becoming a frequent occurrence. FSA argues that this failure allows it to file a late objection to exemptions. The Creditors' Meeting took place on June 30, 1998. On August 17, 1998, FSA filed Objections to Exemptions as well as a Motion for Extension of Time to Object to Discharge.

Debtors own a one-half interest in the property they claim exempt. The items in question are a tractor, a chopper, a skid bobcat, a manure spreader, and eight universal milkers with meters and automatic take-offs. Debtors were involved in milking and a small farming operation. The items claimed as exempt were used in the parties' trade or business before the filing of the bankruptcy petition. Since the filing of the bankruptcy petition, Debtors have moved off the rented farm and have sold off their part of the dairy herd. Debtors now live 12 miles from the site of their former farming operation. They are involved with the farming operation of Debtor Deb Mausser's brother who is the other one-half owner of the machinery in question on a limited basis. Debtors periodically help with the farm operation though they pay no expenses and are not paid any salary or remuneration for their efforts.

Mrs. Mausser testified that Debtors intend to go back into farming when all matters relating to the bankruptcy are resolved. They intend to rent land in the future and rent any necessary additional equipment. Mrs. Mausser was asked whether it was the parties' intent to return to running a dairy operation. She testified that it is an "option". Mr. Mausser is presently working in the construction industry and has been working full-time plus some overtime during the summer months. Mrs. Mausser works 20 hours per week at the Merritt Family Chiropractic Clinic in Cascade, Iowa.

### TIMELINESS OF OBJECTION
### TO EXEMPTION

A creditor has 30 days from the conclusion of the meeting of creditors to object to a debtor's claim of exemption. Fed.R.Bankr.P. 4003(b). The court may, within this time period, grant an extension to the creditor. Fed.R.Bankr.P. 9006(b)(3). The first Meeting of Creditors concluded on June 30, 1998. Creditors were required to object to Debtors' claimed exemptions on any date prior to and including July 30, 1998. Fed.R.Bankr.P. 4003(b). FSA filed Objections to Exemptions on August 17, 1998. The Bankruptcy Code provides that property claimed as exempt is exempt if no party files a timely objections. 11 U.S.C. § 522(1); *see Taylor v. Freeland & Kronz*, 503 U.S. 638, 644, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *In re Dinan*, No. 85–00897D, slip op. at 4 (Bankr. N.D.Iowa Oct. 17, 1985). FSA did not file its objection to exemption within the required time period and its objection is untimely. *Taylor*, 503 U.S. at 646, 112 S.Ct. 1644; *In re Boller*, No. 82–00116, slip op. at 4 (Bankr. N.D.Iowa Jan. 14, 1987).

### DOES THE FAILURE TO SERVE THE
### U.S. ATTORNEY WARRANT ADDI-
### TIONAL TIME TO OBJECT

Notice to creditors, equity security holders, the United States, and the United States Trustee is governed by Fed.R.Bankr. P.2002. Rule 2002(a)(1) provides that:

> [T]he clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 20 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the Code;

Rule 2002(j) further specifies that:

> Copies of notices required to be mailed to all creditors under this rule shall be mailed . . . (4) if the papers in the case disclose a debt to the United States other than for taxes, to the United States attorney for the district in which the case is pending and to the department, agency, or instrumentality of the United States through which the debtor became indebted . . .

It appears that no Iowa Court has interpreted this section though other jurisdictions have interpreted the notice requirement of Rule 2002(j)(4). *See In re Divco Phila. Sales Corp.*, 60 B.R. 323 (Bankr.E.D.Pa.1986); *In*

re *H & C Table Co.*, 457 F.Supp. 858 (W.D.Tenn.1978).

In *Divco*, the Pension Benefit Guaranty Corporation [PBGC], a U.S. Government instrumentality, contended that it "had not received actual notice of the bar date for filing claims in order to file a timely proof of claim on a non-tax debt". *Divco*, 60 B.R. at 324. The clerk of the bankruptcy court notified creditors in accordance with a mailing list which included the PBGC but not the United States Attorney for the district. *Id.* at 324. The Court held that the failure to notice the U.S. Attorney for the district rendered the notice defective and the bar date for filing claims did not bind the PBGC. *Id.* at 325.

In *H & C Table*, the debtor noticed the Small Business Administration, a governmental agency, but did not notice the U.S. Attorney. *H & C Table*, 457 F.Supp. at 859. The applicable rule at that time, Rule 203(g), was a precursor to Rule 2002(j)(4). The Court stated that: "The appropriate representative of the government was not notified in this case and notice to the agency, though appropriate, is not imputable to the United States Attorney." *H & C Table*, 457 F.Supp. at 860. Therefore, the Court held that the U.S. Attorney was entitled to file a late claim on behalf of the SBA. *Id.*

■ The Farm Service Agency is a U.S. Government agency under Rule 2002(j)(4). The debt owed by the Mausser's to the FSA is not a debt for taxes. There is no dispute that Debtors did not list the U.S. Attorney's office on the matrix which the Clerk of the Bankruptcy Court uses to notify creditors. Rule 2002(j) is designed to provide notice to large governmental agencies to insure a timely response before the expiration of deadlines. The failure to provide this notice to a local office with authority to respond almost guarantees the agency's failure to make timely filings. Debtors' failure to include the U.S. Attorney's office for this district on the matrix and the U.S. Attorney's resultant lack of notice under Rule 2002 of the pending bankruptcy case and the § 341 creditors' meeting, render the notice defective.

The issue, therefore, is what remedy, if any, is available to FSA to protect its rights.

Some courts resolve this problem by allowing creditors additional time to file objections to exemptions where creditors were not properly noticed and the motion for the objection is filed prior to the discharge of the bankruptcy. *See In re Hilary*, 76 B.R. 683, 685 (Bankr.D.Minn.1987); *In re Fisher*, 63 B.R. 649, 650 (Bankr.W.D.Ky.1986). In *Hilary*, the debtor failed to claim an exemption for a violin. *Hilary* at 684. The debtor subsequently amended the exemption schedule to include the violin but failed to notice the creditor bank. *Id.* Approximately four months later, the bank received notice of the amendment when the debtor filed a motion to avoid the bank's lien on the violin. *Id.* at 685. The court held that the bank could file an objection to the exemption and stated: "Notwithstanding everyone's failure to follow the rules, it is clear that the bank gave the court and the debtor notice of its objection to the claim of exemption shortly after it received notice of the claim of exemption." *Id.*

In *Fisher*, the court delineated with specificity the amount of time a creditor, who does not receive notice of the meeting of creditors, has to file an objection. *Fisher*, 63 B.R. at 650. The debtor claimed as exempt his interests in an IRA, a Keogh Plan, and a Profit Sharing Plan but failed to notice one creditor. *Id.* This creditor was noticed when he was joined as a party by amendment to the petition 4 days after the creditors' meeting had concluded. *Id.* The court determined that the creditor filed a timely objection and elaborated: "A creditor clearly cannot be expected to comply with a time limitation when that creditor received no notice that the time period began." *Id., citing In re Waters*, 22 B.R. 387, 388 (Bankr.N.D.Tx.1982). The court held that pursuant to Rule 4003(b) the creditor's objection was timely although filed 34 days after the creditors' meeting because it was filed within 30 days after the creditor received notice of the bankruptcy. *Fisher*, 63 B.R. at 650.

■ Here, the U.S. Attorney did not receive notice of the bankruptcy because Debtors did not include the U.S. Attorney on the matrix. Under Rule 4003(b), the time limit for filing objections to exemptions does not

run against a creditor who has not been noticed, provided discharge has not yet entered. FSA filed Objections to Exemptions 38 days after the conclusion of the meeting of creditors. Under this record, the Objections to Exemptions were timely filed and Debtors are not prejudiced by allowing the FSA to assert its Objections.

### DEBTORS' FARM EQUIPMENT

An Iowa debtor "engaged in farming" may claim exemptions for "implements and equipment reasonably related to a normal farming operation". Iowa Code § 627.6(11). Debtors have the burden of proving they are "engaged in farming". *In re Indvik*, 118 B.R. 993, 1007 (Bankr. N.D.Iowa 1990). In order to determine that debtors are "engaged in farming", the Court must consider the intensity of debtors' past farming activities, the sincerity of their intentions to continue farming, and whether debtors are legitimately engaged in a farming activity which currently and regularly uses the specific implements exempted. *See In re Smith*, No. 96–20243KD, slip op. at 3 (Bankr. N.D.Iowa May 7, 1996) (citing *In re LaFond*, 791 F.2d 623, 626 (8th Cir.1986)). Debtors may still claim an exemption in farm equipment if they have temporarily ceased farming as of the filing date, and if they intend to return to farming. *In re Bishop*, No. 93–60176LW, slip op. at 3 (Bankr.N.D. Iowa June 29, 1993); *Indvik*, 118 B.R. at 1005; *In re Myers*, 56 B.R. 423, 426 (Bankr.S.D.Iowa 1985); *Pease v. Price*, 101 Iowa 57, 69 N.W. 1120 (1897); *Hickman v. Cruise*, 72 Iowa 528, 34 N.W. 316, 317 (1887).

This Court has defined the circumstances under which debtors have established an intent to return to farming and could therefore prevent creditors from reaching certain farm equipment. *In re Holthaus*, No. 96–61345KW slip op. at 4 (Bankr.N.D. Iowa November 4, 1996); *Smith*, slip op. at 4. These cases hold that, when the debtors have ceased farming, their stated intent to resume farming must be bolstered by reasonable prospects that they will re-engage in farming. *Holthaus*, slip op. at 3; *Smith*, slip op. at 3.

Debtors who have temporarily quit farming may benefit from the exemption for farming implements and equipment if there are objective facts which support their subjective intent to return to farming. In *Holthaus*, the debtors farmed for over 20 years before they were unable to raise financing to plant crops. *Holthaus*, slip op. at 2. The debtors had to sell their farm and livestock in order to pay off their debts. *Id.* at 2. Nevertheless, this Court held that debtors were "engaged in farming" where they testified that this was their intention and they had recently signed a lease for 90 acres of farm land. *Id.* at 4; *see also* Smith, slip op. at 4 (holding that debtors who sold their farm and secured non-farm jobs were "engaged in farming"; they had farmed all of their lives prior to filing bankruptcy and had hired an agent to locate a suitable acreage to farm).

Mr. Mausser did not appear at the time of hearing to express his views on the issues before the Court. The evidentiary record is limited exclusively to Mrs. Mausser's comments concerning Debtors' future intentions. Mrs. Mausser did testify that it is Debtors' intent to resume crop farming in the future. However, a bare statement of intent is insufficient and there must exist some objective facts to support this intent.

The record is silent as to the background and history of the farming operation of Debtors. There is no testimony as to the length of time in which Debtors were engaged in farming prior to filing this Chapter 7 petition. Debtors have moved 12 miles from the rental property on which they were farming. Both Debtors are now employed in non-farm occupations. There is no evidence to indicate that Debtors have taken any affirmative steps to support the stated intent to resume crop farming in the future.

Additionally, the testimony is even less compelling concerning the possibility of resuming the dairy operation. Mrs. Mausser did not testify that it was Debtors' intent to resume dairy farming. Rather, she merely stated that this is an "option". This marginal expression of intent coupled with the lack of objective facts to support an intent to resume dairy farming, compels the Court to conclude that Debtors have not satisfied the

standards necessary to claim the dairy equipment exempt under Iowa Code § 627.6(11)(a). Additionally, when the record is reviewed in its entirety, the Court must conclude that Debtors have failed to establish a sincere intent based upon objective criteria sufficient to convince the Court that Debtors intend to return to any type of farming operation in the near future. As Debtors have failed to meet their burden of proof that they are "engaged in farming", they are not entitled to claim the farm machinery and equipment as exempt.

**WHEREFORE,** for the reasons set forth herein, the objection to exemption filed by FSA is timely made.

**FURTHER,** it is the conclusion of this Court that Debtors have failed to establish that they are engaged in farming.

**FURTHER,** as it is the determination of this Court that Debtors are not engaged in farming, the objections to exemptions filed by FSA is SUSTAINED.