**In re Betty Trumbo OTTOWAY, Debtor.**

**Bankruptcy No. 93–10706–AT.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Feb. 7, 1994.

Roy B. Zimmerman, Alexandria, VA, for debtor.

Russell W. Craig, Sp. Asst. U.S. Atty., Washington, DC, for FmHA.

Robert O. Tyler, Chapter 7 Trustee, Tyler, Bartl, Burke & Albert, Alexandria, VA.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This case comes before the court on debtor's motion to avoid Farmer's Home Administration's lien on farming machinery and equipment claimed by the debtor as exempt, pursuant to 11 U.S.C. § 522(f)(2)(B).[1] Also before the court is FmHA's objection to exemptions claimed by the debtor pursuant to Va.Code Ann. §§ 34–26(7) and 34–27.[2]

FmHA contends that debtor is not engaged in the business of agriculture and thus not entitled to these exemptions as tools of the debtor's trade. FmHA also disputes the values placed on the exempted property.

---

[1] Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is— ... (2) a nonpossessory, nonpurchase-money security interest in any— ... (B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor;....
11 U.S.C. § 522(f)(2)(B).

[2] In addition to the exemptions provided in Chapter 2 (§ 34–4 et seq.) of this title, every householder shall be entitled to hold exempt from creditor process the following enumerated items:

(7) Tools, ... equipment, and machines ... which are necessary for use in the householder's occupation or trade not exceeding $10,000 in value, except that a perfected security interest on such personal property shall have priority over the claim of exemption under this section....
Va.Code Ann. § 34–26(7) (Cum.Supp.1993).

If the householder be at the time actually engaged in the business of agriculture, there shall also be exempt from such levy or distress, while he is so engaged, to be selected by him or his agent, the following articles, or so many thereof as he may have, to wit: a pair of horses or mules unless he selects or has selected a horse or mule under § 34–26, in which case he shall be entitled to select under this section only one, with the necessary gearing, one wagon or cart, one tractor, not exceeding in value $3,000, two plows, one drag, one harvest cradle, one pitchfork, one rake, two iron wedges and fertilizer and fertilizer material not exceeding in value $1,000.
Va.Code Ann. § 34–27 (Michie 1990).

Following an evidentiary hearing on September 8, 1993, and closing arguments of counsel heard on November 3, 1993, the court took the matter under advisement. For reasons stated in this opinion the court will uphold the debtor's exemptions but adjust the valuations accordingly. The court will also grant debtor's motion to avoid FmHA's liens to the extent that the liens actually impair debtor's exemptions.

### Findings of Fact

Debtor filed a chapter 7 petition on February 18, 1993. At the time of filing, debtor was actually engaged in the business of agriculture. On Schedule C of the petition debtor listed several pieces of farming equipment and machinery claimed as exempt pursuant to Va.Code Ann. §§ 34–26(7) and 34–27. Debtor's exemptions under § 34–26(7) totalled exactly $10,000.00, the statutory ceiling. Prepetition, FmHA had perfected a security interest in the listed farm machinery and equipment.

FmHA filed an objection to debtor's exemptions on April 23, 1993. Debtor moved to avoid FmHA's lien on the machinery and equipment pursuant to 11 U.S.C. § 522(f)(2)(B) on July 8, 1993.

Certain enumerated items of equipment in debtor's schedules which were subject to dispute between debtor and FmHA are valued by the court as follows:

| Item | Value per Appraisal | Value per Debtor | Value per Court |
|---|---|---|---|
| Steiger 325 Tractor | $23,000.00 | $2,000.00 | $12,500.00 |
| John Deere Corn Planter | 2,000.00 | 420.00 | 1,210.00 |
| Shaver Post Drive | 150.00 | 60.00 | 105.00 |
| Danuser Post Hole Digger | 275.00 | 80.00 | 180.00 |
| John Deere 346 Baler | 1,500.00 | 200.00 | 850.00 |
| John Deere 400 Grinder Mixer | 450.00 | 120.00 | 285.00 |
| Hay & Grain Elevator | 200.00 | 60.00 | 130.00 |
| 3 Gravity Wagons | 800.00 | 180.00 | 490.00 |
| Disc Harrow 1630 | 1,000.00 | 280.00 | 640.00 |
| International 484 | 3,000.00 | 460.00 | 1,730.00 |
| Farmall MTA 1953 | 800.00 | 100.00 | 450.00 |
| Farmall Super M 1952 | 450.00 | 100.00 | 275.00 |
| Rhino Scraper Blade "900" | 150.00 | 90.00 | 120.00 |
| 2 John Deere Silage Wagons | 1,500.00 | 190.00 | 845.00 |
| International 424 Tractor | 900.00 | 300.00 | 600.00 |
| John Deere 30 ft. Fold Disc | 2,000.00 | 650.00 | 1,325.00 |
| 2 500 gal. Fertilizer Tanks | 300.00 | 25.00 | 165.00 |
| New Holland Side Del. Rake | 800.00 | 300.00 | 550.00 |
| TSC Grain Wagon 180 bu. | 150.00 | 150.00 | 150.00 |
| TSC Grain Wagon 225 bu. | 250.00 | 150.00 | 200.00 |
| John Deere Tractor 2840 | 4,500.00 | 2,500.00 | 3,500.00 |
| Rotary Cutter | 350.00 | 200.00 | 275.00 |
| 400 gal. Lely Spray Rig | 250.00 | 250.00 | 250.00 |
| Totals | $44,775.00 | $8,865.00 | $26,825.00 |

In addition, debtor claimed as exempt a Hudson Low Boy trailer valued at $400.00, and the trailer is actually owned by Old Acres, Inc., a Virginia corporation.

At the time of filing, debtor owned a 102 acre farm located in Fauquier County, Virginia. Debtor had lived and worked on the farm approximately 35 years; title to the farm passed to her upon the death of her husband 6 years ago.

Contiguous to debtor's farm is a 244 acre tract owned and farmed by Old Acres, Inc. Debtor is president of Old Acres, Inc., and owns 14 percent of the stock; her son and daughter each own 43 percent. Debtor also leases her farmland and machinery and equipment to Old Acres, Inc., which farms a total of 700 acres.

### Discussion and Conclusions of Law

#### DEBTOR'S STATUS AS A FARMER.

The first and foremost issue is whether debtor is a farmer pursuant to Bankruptcy

Code § 522(f)(2)(B) and Va.Code Ann. §§ 34–26(7) and 34–27 and thus entitled to the exemption for tools of trade up to a value of $10,000.00.

■ Section 522(f)(2)(B) requires a determination from all the circumstances of the case whether debtor is legitimately engaged in farming and using the specific implements or tools exempted and on which lien avoidance is sought. *Meadows v. Farmers & Merchants Nat'l Bk. of Stanley, Va. (In re Meadows),* 75 B.R. 357, 361 (W.D.Va.1987). Even a temporary abatement of work in the trade absent intentional abandonment of the trade by the debtor may not be fatal to the claimed exemption. *Flick v. United States (In re Flick),* 47 B.R. 440, 443 (W.D.Pa.1985).

■ The analysis under Va.Code Ann. § 34–27 is similar; however the determination must be made at the time the bankruptcy petition is filed. *In re Meadows,* 75 B.R. at 361–62.

■ Debtor in this case owns outright 102 acres of currently farmed land; she and her husband farmed the land for 35 years until his death in 1987. She owns 14 percent of a corporation actively farming 700 acres of land. She testified that the machinery and equipment are currently used in the farming operations. Debtor also testified that as president of Old Acres, Inc., she participates in the decision making process of the farm operations. Debtor currently is living out of state, but at hearing she expressed her intention to move back to Virginia.

Even though the debtor is not physically present and performing manual labor on the land itself, the court has found as a fact that the debtor is actively and legitimately engaged in the business of farming for the

purposes of Bankruptcy Code § 522(f)(2)(B) and Va.Code Ann. § 34–27.

The court also extends this "circumstances of the case" analysis to hold that the debtor is engaged in the trade of farming pursuant to Va.Code Ann. § 34–26(7). This section also requires that the machinery and equipment be necessary for use in the debtor's trade. Debtor presented uncontroverted testimony that the exempted equipment is used in the farming operations, and this court will not "second guess" the debtor on the issue of necessity.[3] Thus, the court finds that the debtor properly claimed exemptions under Va.Code Ann. § 34–26(7).

*VALUATION.*

■ Having found that the debtor is a farmer, the court must address the values assigned in debtor's schedules to her farm equipment in order to determine the extent that FmHA's lien may be avoided. The controversy surrounds the equipment exempted under Va.Code Ann. § 34–26(7); this section limits the available exemption to $10,000.00 in value.[4] Debtor's listed property under this section totalled exactly $10,000.00.

Debtor testified that she took 10 percent of the values derived from a 1988 appraisal performed in connection with the administration of her deceased husband's estate. If equipment was not listed in the appraisal, debtor took 10 percent of what she believed to be the cost. Debtor used a "distressed sale" assumption as the basis of her valuation. In contrast, FmHA presented as evidence an appraisal performed March 23, 1993, by an FmHA official, who described in detail at the hearing her method of valuation.

The court recognizes that the debtor and FmHA possess conflicting interests in their proposed valuations; in fact I find that at

---

3. FmHA asserted for the first time at closing argument that not all of the exempted farm machinery and equipment was necessary for use in the debtor's occupation, in contravention of Va. Code § 34–26(7). FmHA presented no evidence at the hearing regarding the necessity of any machinery and equipment.

FmHA merely argues that since some of the equipment is duplicative (e.g., more than one tractor), it is therefore not necessary. The court rejects this argument. FmHA presented no evidence on this issue, and the debtor's assertions on the issue remain uncontroverted. Moreover,

in order to prevail on the issue, it appears to the court that FmHA would have to concede debtor's occupation as a farmer, which it does not.

4. The valuation controversy surrounds only Va. Code Ann. § 34–26(7) because the parties do not dispute the value of any machinery or equipment claimed as exempt pursuant to Va.Code Ann. § 34–27. Under that section, there is a value limit of $3,000.00 for one tractor and $1,000.00 for fertilizer and fertilizer material. *See supra* note 2.

hearing FmHA's witness overstated the value of debtor's equipment and debtor understated the value. Thus, the suitable number lies within the range created by these suggested valuations. Under these circumstances it is appropriate to split any differences between the parties' respective valuations, and this was my method of determining value.[5]

The court's valuations result in an increase of $17,960.00 in the values of debtor's machinery and equipment claimed exempt pursuant to Va.Code Ann. § 34–26(7). This $17,960.00 increase in debtor's valuations causes the exempted property to total $27,960.00. Since FmHA's perfected security interest may not be avoided to the extent the value of the equipment exceeds the statutory ceiling of $10,000.00, the issue remains as to which of debtor's specific assets will be exempt and FmHA's lien avoided.

The court in this ruling makes no attempt to determine which individual pieces of debtor's machinery and equipment are exempt. I leave this to be resolved by the debtor and FmHA. If the parties cannot resolve by agreement any remaining differences following this ruling by the court, I will set the matter for further hearing.

A separate order will be entered.

---

5. The enumerated machinery and equipment valued by the court does not constitute the entire amount claimed as exempt by the debtor pursuant to Va.Code Ann. § 34–26(7). The court could not match other pieces of machinery and equipment listed in debtor's schedules to the appraiser's records with certainty. Thus, the unmatched values were considered undisputed for purposes of this ruling.